Mr. Justice BRADLEY,
 

 having stated the case, delivered the opinion of the court.
 

 ' The Supreme Court and the Court of Appeals concurred in refusing to issue a peremptoi’y mandamus. The opinion of the Supreme Court is before us, and places the case upon the ground that these “certificates of indebtedness” were not exempt from taxation. But no opinion of the Court of Appeals seems to have been written. At least none appears; and we cannot tell on what ground that court placed its decision. And, indeed, it ought to appear from the record, and not from any opinion of the court, that a Federal question was raised in order to give this court jurisdiction of the case. For all that appears from the record, the decision of the Couz't of Appeals may have been passed simply on its construction of the State statute. It may have been placed on the ground that that statute only applied to' cases “in which the taxes had been judicially decided to have been illegally imposed and collected,” and that up to that time the taxation of certificates of indebtedness had not been judicially decided to be illegal. If it wez-e placed on this ground — and, so far as the record goes,
 
 non constat
 
 that' it was not — that would have been a decision of the case upon a construction of-the State act of 1866. Now, wc have repeatedly held that the construction of State statutes belongs to the State courts, and is not a Federal question which we can revise in a writ of error to a State court. It is true, if the State court gives such a construction to a State statute
 
 *209
 
 as to make it conflict with the Constitution or laws of the United States, and sustains its validity after giving it such construction, and thereby deprives a party of his rights under the said Constitution or laws, then a Federal question is raised, and we can review the decision on the point of the validity of the statute. But in this case it does not appear what construction was given to the State statute. All that can certainly be gathered from the record is, that the State statute, in the opinion of the Court of Appeals, did not oblige the county treasurer to issue county certificates to the plaintiff's in this particular case. For aught that appears, the court may have regarded the statute as only furnishing a remedy for cases expressly adjudicated upon. Such a construction of the statute is not without plausibility, and was. insisted upon by the treasurer in his answer to the alternative writ.
 

 Had the State courts decided against the
 
 right
 
 of the plaintiffs, and had it so. appeared by the record, the jurisdiction of this court would have attached to the case. But that does-not appear. It only appears that they have decided that the-plaintiff has no
 
 remedy
 
 under this statute. Its right to recover the illegal tax is undisputed, but not to recover it in this way.
 

 We are referred to the case of
 
 The Banks
 
 v.
 
 The Mayor,
 

 *
 

 where it was decided, under another act of the New York legislature, that a mandamus in a somewhat similar case was wrongfully withheld. It appears that a few days after the passage of the act relating to King’s County, on which the present case arises, the legislature passed a like act relating to the city of New York, but without the descriptive words, relating to a judicial decision, which are relied on in this case. A mandamus to compel the issue of city bonds for the amount of the illegal taxes’was applied for and refused. But that case was placed, both in the State courts and in this court, solely on the ground of the legality of the tax. No question respecting the construction of the State
 
 *210
 
 statute was raised, either by the record or the argument. Being satisfied, in that case, that the tax was illegal, and that the mandamus ought to have been granted, we felt bound to reverse the judgment of the State court; and nothing in the present opinion is intended tó call that decision in question.
 

 The writ of error in this case must be
 

 Dismissed.
 

 *
 

 7 Wallace, 16.