# DELAWARE CITY, SALEM AND PHILADELPHIA STEAMBOAT NAVIGATION COMPANY *v.* REYBOLD.

ERROR TO THE COURT OF ERRORS AND APPEALS OF THE STATE OF DELAWARE.

No. 138. Argued January 5, 6, 1892. — Decided January 18, 1892.

The plaintiff below sued in assumpsit to recover from the defendant company the sum of $2898.18. The first count was for money had and received to the plaintiff's use, being money paid by the United States for the pilotage, hire and service of a steam vessel. The claim under this count was, that a contract had been made with the plaintiff by which he was to prosecute the claim and receive to his own use whatever he might get for it. Such claims being unassignable under Rev. Stat. § 3477, the company received the money, and set up in defence as against the first count (1), that it never made the contract, and (2), that the assignment was illegal. The second count was for money due, and owing plaintiff, for work and labor in the prosecution of the claim. The jury returned a verdict for less than the sum claimed, without specifying under which count the damages were assessed. The Court of Errors and Appeals of the State of Delaware affirmed the judgment on the ground that it had no power to review the finding on a question of fact, and the finding on the second count being in plaintiff's favor there was no error in the rendition of the judgment by the court below on such a finding. *Held,* that the only Federal question raised in the case at the trial was not neces-

sarily involved in the trial of the issue under the second count, and that, as the judgment could be sustained under that count, this court was without jurisdiction.

Even if a Federal question was raised in the state court, yet, if the case was decided on grounds broad enough, in themselves, to sustain the judgment without reference to the Federal question, this court will not entertain jurisdiction.

THE case is stated in the opinion.

*Mr. Anthony Higgins* (with whom was *Mr. W. C. Spruance* on the brief) for plaintiff in error.

*Mr. Edward G. Bradford* (with whom was *Mr. George Gray* on the brief) for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

This was an action of assumpsit brought in the Superior Court in and for New Castle County, Delaware, by Anthony Reybold against the Delaware City, Salem and Philadelphia Steamboat Navigation Company, a Delaware corporation, to recover a sum of money that had been received by the defendant company from the United States for the pilotage and hire of the steamboat Swan, which had been formerly owned by the company, and had been chartered to the government during the civil war.

The declaration contained the usual common counts. With respect to the two counts on which the plaintiff relied for a recovery, viz., (1) for money had and received, and (2) for work and labor performed, he filed a bill of particulars as follows:

"*First*. Money had and received by the defendant in this cause, to and for the use of the said plaintiff, to a large amount, to wit, the sum of two thousand eight hundred and ninety-eight dollars and eighteen cents, with legal interest thereon from the time the said defendant so had and received the same, to wit, from the twenty-ninth day of August A.D. 1882, said sum of money having been paid by the United States of America to the said defendant for the pilotage and

hire or service of a certain steam vessel, to wit, the Swan, formerly owned by the said defendant, and the said plaintiff being at the time of said payment and ever since entitled, as against the said defendant, to receive said money so paid as aforesaid.

"*Second.* Money due and owing at the time of the commencement of this cause from the said defendant to the said plaintiff, to a large amount, to wit, the sum of five thousand dollars, for the work, labor, care and diligence of the said plaintiff before that time done, performed and bestowed in and about the business of the said defendant, at the request of the said defendant, to wit, in and about the prosecution of a certain claim of the said defendant against the United States of America, amounting to a large sum of money, to wit, five thousand seven hundred and ninety-six dollars and thirty-six cents, for the pilotage and hire or service of a certain steam vessel, to wit, the Swan, formerly owned by the said defendant."

The defendant pleaded, (1) non-assumpsit; (2) payment; (3) set-off; and (4) the statute of limitations. Upon the issues thus joined the case went to trial. At the trial, as shown by the bill of exceptions, the plaintiff, to sustain the issue on his part, under the first count, submitted evidence tending to prove that in 1876 or 1877 the steamboat company had a claim against the United States, which it considered worthless, for the pilotage and hire of the steamboat Swan, formerly owned by it; that thereupon, at the request of the plaintiff, who was at that time one of the directors of the company, there was an agreement made and entered into between the plaintiff and the company that if he would undertake the collection of the claim he might have what he could get from it, provided the company should be at no expense in the matter; and that he afterwards prosecuted the claim to collection, and the steamboat company received a certain named sum of money as the proceeds thereof; to which sum the plaintiff claimed he was entitled, as money had and received to his use, under the provisions of the aforesaid agreement.

To sustain the issue raised under the second count, the

plaintiff introduced evidence tending to prove that, during a period of more than two years, he bestowed much care, work, labor and diligence in the prosecution of the claim against the United States to a successful termination ; and his contention therefore was, that he was entitled to recover on a *quantum meruit* for such services.

The contention of the defendant was, (1) that no agreement had ever been made with the plaintiff whereby he was to receive and retain for his own benefit whatever he could collect from the government on the aforesaid claim, and that even if the agreement had been made, it could not be enforced because it was in violation of § 3477 of the Revised Statutes of the United States; and (2) that the plaintiff was not entitled to a recovery under the second count as on a *quantum meruit*, because the work was done under a contract claimed by it to be illegal: and on the trial of the case the defendant requested the court to charge the jury accordingly. The court, however, refused to charge as requested by the defendant, but instead thereof, over the objections of the defendant, gave to the jury the following instructions :

" 3. That the company could not legally assign its claim, by gift or otherwise, to the plaintiff. Still, if the jury are satisfied from the evidence that he secured it by his efforts and expenditures in the production of the necessary proof, he is, entitled to recover upon the count for money had and received, for the money received by the company was his money, and the company cannot be allowed in this action or under such a count to shelter itself under any defence of the illegality of the contract *inter sese.*

" 4. The plaintiff may recover under the count for work and labor, under the circumstances shown by the proof of the plaintiff, if the jury believe it, such proof being that the directors furnished the plaintiff, upon its request, with the means — through its books and accounts — of prosecuting the claim. If, therefore, the company would avail itself of the fruits of the plaintiff's work and labor and services it should pay him what they are worth, the same as a man who sees another working in his corn field among other hired laborers should

pay him what his labor was worth, if the jury in such case should be satisfied that there was, from the circumstances, evidence of a hiring. That the question in the case in hand, as well as in that cited, was for the jury upon the facts proved."

The jury returned a verdict in favor of the plaintiff, without specifying under which count the damages were assessed, for a sum less by several hundred dollars than the amount which had been received by the defendant from the United States in satisfaction of the aforesaid claim, and judgment was entered upon the verdict. Exceptions having been saved, a writ of error was sued out from the Court of Errors and Appeals of the state, which affirmed the judgment below, a short opinion, as follows, being delivered:

" The action in the court below was assumpsit.

" The plaintiff's *narr.* contained two counts — one for money had and received, and the other for work and labor done.

" There was no count in the *narr.* upon any special contract. The jury in the court below heard the proof offered in support of these respective counts. They passed upon the sufficiency of that proof. Their judgment on this question was conclusive and final.

" This court has no jurisdiction to determine whether their verdict was right or wrong, and no power to review their finding upon a mere question of fact.

" This court in affirming the judgment below do so for the reason that the finding of the jury under the second count, for work and labor done, being in favor of the plaintiff below, there was no error in the rendition of the judgment by the court below upon such finding of the jury. The court declines to render any decision upon any other questions raised in the cause in the arguments of counsel, because it considers such questions as irrelevant."

A writ of error to that court brings the case here; and a motion to dismiss the writ of error for the want of jurisdiction, on the ground that no Federal question is involved, is the present matter to be considered.

Section 3477 of the Revised Statutes of the United States relied upon by the defendant as forbidding any assignment to

the plaintiff of its claim against the government, is as follows: ·

"All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders or other authorities for receiving payment of any such claim, or of any part or share thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due and the issuing of a warrant for the payment thereof. Such transfers, assignment and powers of attorney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment or warrant of attorney to the person acknowledging the same."

It is manifest from an inspection of this record that the only Federal question that could have arisen, or did arise, in this case in the trial court was, whether this section operated as a bar in law to any recovery by the plaintiff upon the cause of action embodied in the first count of his declaration. But that question did not necessarily enter into the cause of action arising under the second count of the declaration. That was on a *quantum meruit* for work done and labor performed by the plaintiff which enured to the benefit of the defendant. No Federal question was necessarily involved in that branch of the case. The question there was, whether the defendant should be held bound to pay to the plaintiff what his services in prosecuting the claim for its benefit were reasonably worth. His claim in this particular was in the nature of an attorney's fee for legal services performed, the basis of which does not rest on Federal law, but on the law and practice of the State in which the services are rendered; or, more properly, perhaps, on the principle of general law that one who accepts

the benefit of such services shall be held liable to pay what they are reasonably worth.

The cause was submitted to the jury upon the second count, and the charge of the trial court was broad enough to warrant a verdict upon that count alone, irrespective of any claim arising under the first count; and the opinion of the Court of Errors and Appeals clearly shows that the judgment was affirmed on the ground that the verdict of the jury was rendered on that count. The decision of the highest court of the state that the verdict of the jury was to be taken as rendered upon the second count involves no Federal question, but has relation only to the law of the State and the practice of the state courts.

If it be objected that the verdict of the jury could not have been rendered on the second count alone, because although it appears from the record that the work and labor of prosecuting the claim to a successful termination was performed by the plaintiff, yet the record fails to show that any evidence was adduced upon the trial before the jury of the value of such work and labor and services, the answer is, (1) that the bill of exceptions does not purport to set out, even in substance, all the evidence bearing on the issues in the case. It is manifest from the face of the bill of exceptions that what is stated to be the evidence given is set forth in a condensed form, and that the charge of the court to the jury assumed that there was evidence in support of the value of the services performed on which the second count was based. We think, therefore, that in the absence of any statement in the bill of exceptions that all of the evidence is set forth, that what is set forth is a mere summary; and, as the attention of the trial court was not called to the want of any evidence upon the point of the value of the services which the charge assumes to have been before the jury at the time the charge was given, the objection of such want of evidence cannot avail the plaintiff in error in an appellate court. (2) The very fact that the verdict is for an amount several hundred dollars less than what the plaintiff would have been entitled to recover on the claim set forth in the first count, is proof that it was rendered not on

that count, but necessarily on the second count.   If the plaintiff was entitled to recover at all on the first count, he was entitled to recover the full amount demanded in that count, and the verdict, being for less than that amount, must have been rendered on the second count.

For these reasons we think it apparent that the judgment sought to be reviewed by this writ of error was not based on any question arising under § 3477 of the Revised Statutes, but upon questions arising out of the cause of action set forth in the second count of the declaration; and that that judgment proceeded upon grounds broad enough in themselves, and irrespective of any Federal question, to support it.   Whether correct or not, upon those grounds, it is not our province to inquire, because it does not involve a Federal question.

The rule is well settled that, even if a Federal question was raised in the state court, yet if the case was decided on grounds broad enough in themselves to sustain the judgment, without reference to the Federal question, this court will not entertain jurisdiction.   The authorities in support of this rule are too numerous for citation.   We cite only a few of the more recent ones: *De Saussure* v. *Gaillard,* 127 U. S. 216; *Beaupré* v. *Noyes,* 138 U. S. 397; *Cook County* v. *Calumet & Chicago Canal Co.,* 138 U. S. 635; *Walter A. Wood Company* v. *Skinner,* 139 U. S. 293; and the following, at this term of the court: *Hammond* v. *Johnston, ante,* 73; *City of New Orleans* v. *New Orleans Water Works Co., ante,* 79; *Henderson Bridge Co.* v. *Henderson City,* 141 U. S. 679.

This case comes clearly within the rule announced, and the principle of the authorities cited; and the writ of error is, therefore,

*Dismissed.*