## CONNECTICUT *ex rel.* NEW YORK & NEW ENGLAND RAILROAD COMPANY *v.* WOODRUFF.

ERROR TO THE SUPREME COURT OF ERRORS OF THE STATE OF CONNECTICUT.

No. 958.   Submitted April 30, 1894. — Decided May 14, 1894.

*New York & New England Railroad Co.* v. *Bristol*, 151 U. S. 556, affirmed and followed.

*Insurance Company* v. *The Treasurer*, 11 Wall. 204, affirmed and followed to the point that in order to give this court jurisdiction by writ of error to a state court, it must appear by the record that a Federal question was raised.

*Delaware Navigation Company* v. *Reybold*, 142 U. S. 636; *Hammond* v. *Johnston*, 142 U. S. 73; and *New Orleans* v. *New Orleans Water Works Co.*, 142 U. S. 79, followed to the point that even if a Federal question was raised in a state court, yet, if the case was decided on grounds broad enough in themselves to sustain the judgment, without reference to the Federal question, this court will not entertain jurisdiction.

*Baltimore & Potomac Railroad Co.* v. *Hopkins*, 130 U. S. 210, affirmed and followed.

MOTION to dismiss.    The material parts of the motion were as follows :

And now come the defendants in error, George M. Woodruff *et al.*, Asylum Street Bridge Commissioners of the State of Connecticut, and move the court to dismiss the writ of error in the above-entitled cause, for the following reasons :

1. There is no Federal question arising on the record filed in this court.

2. No Federal question arose in the trial court, or in the Supreme Court of Errors of the State of Connecticut, which was decided against the title, right, privilege, or immunity set up or claimed by the plaintiff in error.

3. This case involves a statute whose construction by the state court of last resort adverse to the plaintiff will be respected by this court.

4. The Supreme Court of Errors of the State of Connecticut, the court of last resort in that State, in construing a local statute, the one here in question, has ruled that the law is an amendment of the charter of the plaintiff company, which charter is amendable at the will of the General Assembly of that State.

5. No Federal question is necessarily involved in the judgment of the court below.

6. The error, if error there was, was not in sustaining, but in interpreting, the statutes in question.

7. The question on which jurisdiction depends is so frivolous as not to need further argument.

8. If there is a Federal question involved in the judgment, the decision of the court below is so clearly right that the writ of error should be dismissed or the decree and judgment affirmed.

9. This suit is an application, or written motion, addressed to the Superior Court for New Haven County in the name of the State by the State's Attorney for that county, for an alternative mandamus.    Upon the application, the alternative writ was not issued, but a rule to show cause against the defendants was made, and upon that hearing, the defendants moved to quash the application for manifold reasons, set forth

in the record.  The motion to quash was granted, and the applicant appealed from the judgment to the Supreme Court of Errors.  That court dismissed the appeal upon the grounds that the commission was a body whose power was plenary, and that the duties to be performed were such as in the highest degree call for the exercise of judgment and discretion, and that the Superior Court had no power by mandamus to control the acts of the commission ; that the commission had acted on the damages, and that their action was just and wise.  From the denial to issue even an alternative writ, the relators appealed.  If this appeal brings any Federal question in any way before this court, it is precisely the same one recently disposed of upon the motion to dismiss the writ of error brought by these same parties against the Railroad Commissioners in the *Town of Bristol case,* opinion announced February 5, 1894.  *New York & New England Railroad* v. *Bristol,* 151 U. S. 556.  This writ of error attempts to raise a constitutional question, which is not included in the decision of the state courts, but which, in another action, was adjudged against them, on precisely the same statute, and between precisely the same parties, and when a writ of error from that judgment was dismissed by this court at their motion.

10. There was no property of the company taken, and the duty which the order imposed was by due process of law and of laws of equal protection.

*Mr. Henry C. Robinson* for the motion.

*Mr. Tilton E. Doolittle* opposing.

The CHIEF JUSTICE : The motion to dismiss is sustained. *Woodruff* v. *Railroad Company,* 59 Connecticut, 63; *Railroad Company* v. *Woodruff,* 63 Connecticut, 91 ; *Railroad Company* v. *Woodruff,* 140 U. S. 691; *Railroad Company* v. *Bristol,* 151 U. S. 556 ; *Insurance Company* v. *The Treasurer,* 11 Wall. 204; *Delaware Navigation Co.* v. *Reybold,* 142 U. S. 643; *Hammond* v. *Johnston,* 142 U. S. 73 ; *New Orleans* v. *N. O. Water Works Co.,* 142 U. S. 79; *Balt. & Potomac Railroad* v. *Hopkins,* 130 U. S. 210.