# WALTER A. WOOD MOWING AND REAPING MACHINE COMPANY *v.* SKINNER.

## ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 1235. Submitted March 9, 1891. — Decided March 23, 1891.

In determining the ground upon which a judgment in a state court was rendered, this court may refer to the opinion of that court.

When it does not appear upon what ground the highest court of a State placed its judgment, and the judgment may be supported without deciding a federal question, this court is without jurisdiction of it in error.

THIS action was originally brought in the Supreme Court of the State of New York by Skinner, the defendant in error, for a breach of contract on the part of defendant (plaintiff in error,) in refusing to account and pay for the use of a certain patented invention, known as an improvement in oil-hole covers for journals, described in letters patent No. 124,092, and reissue of the same, No. 10,064. The case was referred to a referee, who found substantially the following facts in his report :

1st. That the plaintiff and defendant entered into an agreement whereby it was agreed on the part of the plaintiff that defendant should have the exclusive right of using plaintiff's

oiler on mowing and reaping machines, and should have the right, but not exclusive, to use it on other machines; and on the part of the defendant, that it would use the oiler on its mowing and reaping machines, and would pay the plaintiff the reasonable value of such use. 2d. That defendant proceeded to make and apply to its mowing and reaping machines a device exactly similar to the plaintiff's oiler, except that in the plaintiff's oiler the periphery of the conical head of the spring plug was scalloped, while in the device made and applied to such machines by the defendant such periphery was circular and not scalloped. 3d. That the defendant's oiler was a mechanical equivalent for the plaintiff's oiler. 4th. That prior to any invention by the plaintiff, an oiler was illustrated and described in Webster's Dictionary, edition of 1869, substantially similar to defendant's oiler, and was represented as fitted to perform the same functions, and in substantially the same way. 5th. That the said making and application of defendant's oiler was so done in pursuance of the license obtained from the plaintiff by virtue of such agreement, and was in fact a use of plaintiff's oiler under such license. 6th. That the value for such use was 5 cents for each of 233,081 machines upon which it was applied. Judgment having been entered upon the finding of the referee, an appeal was taken to the court in general term, by which an opinion was rendered and filed affirming the judgment. An appeal was then taken to the Court of Appeals, by which the judgment was again affirmed, no opinion having been delivered or filed. Thereupon the defendant sued out a writ of error from this court, assigning as error, first, That the claim of the patent, upon which plaintiff sought to recover royalties, was limited to a conical-headed and *scalloped* spring plug, and that the patent particularly set forth the scalloping of the conical head, the defect in the device improved upon, and how the same was obviated by such scalloping; and that the said courts erred in holding that the claim was not for a scalloped head, but for the combination, with other elements, of a conical head, whether the same was or was not scalloped. Second. That the referee found that the defendant promised to pay the

plaintiff the reasonable value of the patented device, and also found that if the claim for the patent was for nothing more than a scalloped conical head, in combination with other elements, the same was worthless, and that plaintiff ought not to recover; and that said courts erred in holding that, because the claim was substantially for a conical head, whether said head was or was not scalloped, defendant was liable for more than nominal damages. Third. That the state courts also erred in their conclusion that defendant had actually used plaintiff's invention, it being found by the referee that defendant had not used such device, unless the claim of the patent was for a conical-headed spring plug, with or without scallops. Fourth. That such holdings were an erroneous construction of the letters patent, and necessarily involved the legal effect of the patent laws of the United States.

A motion was thereupon made by the defendant in error to dismiss for want of jurisdiction, coupled with a motion to affirm.

*Mr. James Lansing* for the motion.

*Mr. Ezek Cowen* opposing.

Mr. Justice Brown, after stating the case, delivered the opinion of the court.

It is well settled by a long series of adjudications that, to give this court jurisdiction by writ of error to a state court, it must appear affirmatively, not only that a federal question was presented for decision to the highest court of the State having jurisdiction, but that its decision was necessary to the determination of the case, and that it was actually decided, or that the judgment as rendered could not have been given without deciding it. *DeSaussure* v. *Gaillard,* 127 U. S. 216.

Now, while the trial court appears to have held the defendant liable upon the ground that it had agreed to use the plaintiff's device upon all of its machines, and also upon the ground that it had in fact used them, or their mechanical equivalent, it is very evident from an examination of the opinion of the

general term, which we are at liberty to consult, *Philadelphia Fire Association* v. *New York*, 119 U. S. 110, that neither the construction nor the validity of the plaintiff's patent was regarded as material. That court found the agreement on the part of the defendant to be that, in consideration of the right to the exclusive use of the plaintiff's device, it would use it upon all mowing and reaping machines, and would pay a reasonable value for such use. "By the terms of the agreement," said the court, "it was not incumbent upon the plaintiff to show that the defendant did actually use it upon such machines. It was sufficient for him to show the number manufactured during the existence of the agreement. Neither can the defendant evade liability by proving that it did not use it, because his agreement was, in effect, that he would pay a reasonable value for its use upon all mowing and reaping machines manufactured, and it cannot now be permitted to escape payment, as provided by the agreement, by proof that, without the knowledge of the plaintiff, it omitted to place the attachment upon machines manufactured by it. . . . The views thus expressed render it unnecessary to consider the question discussed by the referee, as to whether or not the defendant did use plaintiff's device upon its machines." Under this view, the only question of fact was the value of the use of the device, which the referee fixed at five cents, and his finding upon that point is conclusive.

The defence to the case was that the defendant did not make use of the plaintiff's spring plug, which had a scalloped head, but did make use of an oiler shown in Webster's Dictionary, which was practically the same, except that it did not have a scalloped head, its contention being that the scalloping of the head was immaterial and useless, and that the device so far as it was useful had been anticipated. But the referee found that, by accepting the license and agreeing to use the plaintiff's patented device, the defendant was estopped to deny the validity of the patent to the full extent of its claim, and if, as he found, the defendant made use of the device set forth in the claim of the patent, or its mechanical equivalent, it was liable, though in an action for infringement of such claim, it

might have been adjudged invalid. But, as before stated, the general term found it unnecessary to determine whether the defendant had actually made use of the device or its equivalent, and held it to be liable upon the ground that it had agreed to use it upon all its machines, and was, therefore, bound to pay its value as fixed by the referee.

It does not appear upon what ground the Court of Appeals proceeded in affirming this judgment, but as the case might properly have been determined upon a ground broad enough to support the judgment without resort to a federal question, this court has no jurisdiction. *Beaupré* v. *Noyes,* 138 U. S. 397; *Johnson* v. *Risk,* 137 U. S. 300.

*The writ of error must, therefore, be dismissed for want of jurisdiction.*