LYNCH ET AL. *v.* NEW YORK EX REL. PIERSON.

No. 1.   Argued October 9, 1934.—Decided November 5, 1934.

---

*Mr. Joseph M. Mesnig,* Assistant Attorney General of New York, with whom *Mr. John J. Bennett, Jr.,* Attorney General, and *Mr. Henry Epstein,* Solicitor General, were on the brief, for petitioners.

*Mr. Clifton P. Williamson,* with whom *Mr. L. A. Doherty* was on the brief, for respondent.

By leave of Court, *Mr. Seth T. Cole* filed a brief on behalf of the Commissioner of Corporations and Taxation of Massachusetts, as *amicus curiae.*

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The State Tax Commission determined that rental received by the relator, a resident of the State of New York, from real property situated in the State of Ohio, should be included as a part of relator's income for the purpose of computing her income tax under the Tax Law of New York. The relator sought review by the Supreme Court of New York, invoking rights under the Constitution and laws of the State of New York and under the Fourteenth

Amendment of the Constitution of the United States. The Appellate Division of the Supreme Court, Third Department, annulled the determination of the State Tax Commission. 237 App. Div. 763; 263 N. Y. S. 259. That court, while citing decisions of this Court under the Fourteenth Amendment, did not state that its decision rested upon the application of the Constitution of the United States. The Court of Appeals of the State affirmed the order of the Appellate Division, but without opinion, 263 N. Y. 533; 189 N. E. 684, and the grounds of its decision are left to conjecture. It may be surmised, from the quotations in its opinion, that the Appellate Division intended to rest its decision upon a determination of the application of the Fourteenth Amendment, and that the affirmance by the Court of Appeals went upon the same ground, and not upon the non-federal ground of the application of the Constitution and laws of the State. But jurisdiction cannot be founded upon surmise. Nor can claim of jurisdiction be sustained by reference to briefs and statements which are not part of the record.

It is essential to the jurisdiction of this Court in reviewing a decision of a court of a State that it must appear affirmatively from the record, not only that a federal question was presented for decision to the highest court of the State having jurisdiction but that its decision of the federal question was necessary to the determination of the cause, and that it was actually decided or that the judgment as rendered could not have been given without deciding it. *De Saussure* v. *Gaillard,* 127 U. S. 216, 234; *Johnson* v. *Risk,* 137 U. S. 300, 306, 307; *Wood Mowing & Reaping Machine Co.* v. *Skinner,* 139 U. S. 293, 295, 297; *Eustis* v. *Bolles,* 150 U. S. 361, 366, 367; *Whitney* v. *California,* 274 U. S. 357, 360, 361; *Mellon* v. *O'Neil,* 275 U. S. 212, 214. Where the judgment of the state court rests on two grounds, one involving a federal question and the other not, or if it does not appear upon which of

two grounds the judgment was based, and the ground independent of a federal question is sufficient in itself to sustain it, this Court will not take jurisdiction. *Allen* v. *Arguimbau,* 198 U. S. 149, 154, 155; *Johnson* v. *Risk, supra; Wood Mowing & Reaping Machine Co.* v. *Skinner, supra; Consolidated Turnpike Co.* v. *Norfolk & Ocean View Ry. Co.,* 228 U. S. 596, 599; *Cuyahoga River Power Co.* v. *Northern Realty Co.,* 244 U. S. 300, 302, 304.

Petitioners have made no effort to obtain an amendment by the Court of Appeals of its remittitur, and although, on the oral argument in this Court, attention was directed to the practice in New York to entertain, in proper cases, an application for such an amendment in order to show appropriately the basis of the determination of the state court, no request was made for a continuance to permit such an application.

As the record fails to show jurisdiction in this Court, the writ of certiorari is dismissed as improvidently granted.

*Dismissed.*