## SWINSON *v.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY CO.

No. 383. Argued February 6, 7, 1935.—Decided March 11, 1935.

*Mr. Ernest A. Michel,* with whom *Mr. Tom Davis* was on the brief, for petitioner.

*Mr. Warren Newcome,* with whom *Messrs. Samuel H. Cady* and *William T. Faricy* were on the brief, for respondent.

Mr. Justice Brandeis delivered the opinion of the Court.

Swinson, a freight brakeman in the employ of the Chicago, St. Paul, Minneapolis and Omaha Railway, brought this action under the Federal Employers' Liability Act, in the federal district court for Minnesota. The accident occurred while he was releasing a handbrake at the end of a tank car. The brake was tightly set. To release it required the application of considerable force to the brake wheel. In order to exert such force, Swinson placed his left foot on the running board, his right foot on a grabiron or handhold, which consisted of a round iron bar bent at the ends, attached horizontally to the under side of the running board, and extending beyond it a few inches. As he exerted foot pressure on the grabiron, the plank to which it was attached split, and one of the bolts securing the grabiron pulled through. As a result, he lost his balance, fell in front of the moving car and was seriously injured. The parties were engaged, and the car was used, in interstate commerce.

Swinson claimed that the Railway was liable, independently of negligence on its part, because it had failed to provide the " secure grabiron or handhold " required by the Safety Appliance Act.[1] The Railway contended that it was not liable because the grabiron had been used by Swinson for a purpose for which it was not intended; since the purpose of Congress in requiring " secure grab irons or handholds " was to supply an appliance to grasp with the

---

[1] Section 4 of the Federal Safety Appliance Act, Act of March 2, 1893, c. 196, § 4, 27 Stat. 531, provides that " Until otherwise ordered by the Interstate Commerce Commission, it shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grab irons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars."

hands, not to provide a foot brace or support to secure leverage in releasing a handbrake. Although there was evidence that the grabiron was inadequate and defective even for its so-called " intended use " of being grasped by the hands, and also evidence that the use which Swinson had made of the grabiron was customary, the trial court sustained the Railway's contention and directed a verdict for it. The Court of Appeals affirmed the judgment entered upon the verdict, 72 F. (2d) 649. Certiorari was granted because the precise question, which is of importance, had not been decided by this Court.

The Safety Appliance Act has been liberally construed so as to give a right of recovery for every injury the proximate cause of which was a failure to comply with a requirement of the Act. Thus, although the Act was intended primarily for the protection of railroad employees, it was held in *Fairport, P. & E. R. Co.* v. *Meredith,* 292 U. S. 589, that a traveller on the highway could recover for injury resulting from failure to maintain in usable condition the power brake required by the Safety Appliance Act. Although this section of the Act was originally intended for " greater security to men in coupling and uncoupling cars," it was held in *Davis* v. *Wolfe,* 263 U. S. 239, 243, that a freight train conductor could recover for an injury resulting from failure of a grabiron, which he had grasped while standing on the sill-step and signalling the fireman. There, the Court said that an employee " can recover, if the failure to comply with the requirements of the act is a proximate cause of the accident, resulting in injury to him while in the discharge of his duty, although not engaged in an operation in which the safety appliances are specifically designed to furnish him protection."

As failure of the grabiron was the proximate cause of the injury, it was error to direct a verdict for the defendant. There was evidence on which the jury might have

found that the grabiron was not secure for use strictly as a handhold; and that if it had been, it would not have failed, since the use made of it by Swinson did not subject it to appreciably greater strain. There was evidence, also, that use as a foot brace was a natural and not unusual one. For such a use of the grabiron, Swinson was entitled to assume that it was secure. Compare *Lehigh Valley R. Co.* v. *Howell,* 6 F. (2d) 784; *Didinger* v. *Pennsylvania R. Co.,* 39 F. (2d) 798.

*Reversed.*