(No. 24142.—

JOSEPH L. GILL, County Collector, Appellant, *vs.* JOHN P. LYNCH *et al.* Appellees.—JOSEPH L. GILL, County Collector, Appellant, *vs.* THOMAS D. NASH *et al.* Appellees.

*Opinion filed October 22, 1937.*

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAMBERG, MARSHALL V. KEARNEY, MANUEL E. COWEN, and JOHN C. CONNERY, of counsel,) for appellant.

MARTIN J. McNALLY, for appellee Thomas D. Nash.

AMBERG, OTT, DAHLIN & LIVINGSTON, (FRANK L. PAUL, and ROBERT G. APPEL, of counsel,) for appellee The First National Bank of Chicago.

Mr. JUSTICE JONES delivered the opinion of the court:

This case arose out of a petition filed in the circuit court of Cook county by Joseph L. Gill, county collector, asking for an order against his predecessor in office, Thomas D. Nash, and against the First National Bank of Chicago, to pay over certain money collected by Nash under the "Skarda act" to be applied on delinquent taxes. The question in the case is whether or not the appointment of a receiver for real estate by a county court having no jurisdiction of the subject matter, is validated by a subsequent transfer of the cause to the proper court, under the provisions of the statutes relating to venue. Appellant claims that the transfer validates the appointment, while appellees contend that the county court had no jurisdiction for any purpose except to transfer the cause to the proper court, and that all antecedent proceedings are void and their void character is unaffected by the transfer.

The facts are not in dispute. In July, 1933, the taxes on certain premises then owned by John B. Lynch were delinquent for the years 1928 and thereafter. Joseph B. McDonough, then county treasurer and *ex-officio* collector of Cook county, was, on his application to the county court, appointed receiver for the premises, under the so-called "Skarda act." (Laws of 1933, p. 874.) He subsequently died, and Thomas D. Nash, his successor as county treas-

urer and *ex officio* collector, was appointed by the county court as receiver for the premises.

In October, 1934, this court held that county courts have no jurisdiction over the appointment of receivers in delinquent tax matters under the provisions of the Skarda act. (*McDonough* v. *Gage,* 357 Ill. 466; *People* v. *Jarecki,* id. 475.) Thereafter, upon Nash's application, he was appointed receiver of the premises by the circuit court of Cook county. He then petitioned the county court to transfer the venue of all receivership petitions filed and pending therein to the circuit court, which was accordingly done. At that time Nash had on hand, as receiver of the premises, the sum of $1005.58, on deposit in The First National Bank of Chicago, which deposit was still there when the decree in this case was entered.

Joseph L. Gill succeeded Nash as county treasurer and *ex officio* collector. He was substituted as receiver by the circuit court and the cause originating there was consolidated with the transferred cause. Gill filed a petition against Nash and the bank, asking that the money remaining in the hands of Nash and on deposit be turned over to him, as receiver, to be used for the payment of taxes on the premises. The answers of the defendants allege, and the decree finds, that the appointments of McDonough and Nash as receivers by the county court were void; that the transfer of the cause to the circuit court did not validate the appointments, and that Gill, as county treasurer and *ex officio* collector, is not entitled to the money collected under the void order.

Pending the proceedings, a trust deed on the premises was foreclosed and the purchaser and lessee were made parties to the proceeding. Subsequent to the filing of appellant's petition, Nash filed an interpleader in the circuit court tendering the money on hand and praying that appellant be restrained from prosecuting this suit, but no motion for a temporary injunction was made and no in-

junction was awarded. At the time the decree herein was entered, the money was not paid into court because of lack of service upon all the parties in interest, and the interpleader was still pending. Gill appeals from the decree denying his petition.

Section 1 of the 1891 act relating to change of venue, (Smith-Hurd Stat. 1933, chap. 146, par. 36; Cahill's Stat. 1933, chap. 146, par. 37;) as then in force, provided: "That whenever any suit or proceeding shall hereafter be commenced, in any court of record in this State, and it shall appear to the court where the same is pending, that the same has been commenced, in the wrong court or county, then upon motion * * *, the court shall change the venue * * * to the proper court or county, and the same when the venue shall be so changed, shall be then pending and triable in such court or county to which the same shall be so changed the same as in other cases of change of venue." It further provides that the court shall require the plaintiff to pay all costs up to and including the costs of change of venue, except such as shall have been occasioned by pleading to the merits and a trial thereon, such costs, if any, to abide the final result of such suit or proceeding, the same as in other cases of change of venue. Section 16 of the Venue act of 1874 (paragraph 16 of the same chapter) provides: "The clerk of the court to which the change of venue is granted shall file the transcript and papers transmitted to him and docket the cause, and such cause shall be proceeded in and determined in all things, as well before as after judgment, as if it had originated in such court."

The void character of the appointments of McDonough and Gill by the county court is fixed by our decision in the *Gage case,* where we said: "The county court had no authority by statute or under the constitution, and no general equity power, to appoint receivers to collect delinquent taxes from rents and profits of the real estate involved. The

order appointing appellee was void because the county court of Cook county had no jurisdiction to hear the petition and enter the order of appointment." In the *Jarecki case,* at the same term, we awarded a writ of *mandamus* to expunge void orders of the county court appointing a receiver and approving his accounts. As in the *Gage case,* we held the county court was without jurisdiction to enter any such orders.

In *Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62, a cause was transferred from the circuit court of Coles county to the circuit court of Champaign county because of want of jurisdiction of the subject matter in a *certiorari* proceeding. In that case, referring to the act of 1891, we said that the circuit court of Coles county had no jurisdiction of the subject matter involved for any purpose other than that defined in the Venue act of 1891, and could, therefore, enter no order affecting the rights of the parties.

These holdings conclusively demonstrate that the county court had no jurisdiction to hear a petition for appointment of a receiver or for any purpose except to transfer the cause to the proper court. The appointments, and all subsequent orders, except that transferring the cause, being void, the cause therefore went to the circuit court with the petitions for appointment of a receiver still pending and undetermined.

Appellant argues that, under the statutes in controversy, when a cause is transferred from the wrong court to the proper court, the latter thereupon acquires full jurisdiction in the same manner as if the cause had originated there; and that, by the provision of the 1891 act, as to trials on the merits in the wrong court, it follows that all substantial proceedings, upon transfer, are validated as though had in the proper court initially. He concedes that if the receiver was appointed on insufficient notice to the defendants, the court to which the cause was transferred might

set the appointment aside, require additional notice and, thereupon, appoint a receiver. From the fact that when section 16 of the Venue act was enacted there was no existing provision, and none was then made, for transferring causes from the wrong court or county to the proper court, it is conceivable that the legislature had in mind possible situations where a change of venue might be had, upon proper showing, after judgment by a court of competent jurisdiction, such as when a conviction is reversed and the cause remanded. The effect of proceedings in courts having jurisdiction of the subject matter is not material here. Principles applicable to such cases have no bearing where the court has no jurisdiction to entertain the cause. It is a cardinal principle of the law that void proceedings are without any force or effect, and are always subject to attack, either directly or collaterally. Neither section 16, nor the act of 1891, contains any provision that, by the most liberal interpretation, can be construed as validating void judgments or proceedings. On the contrary, the act of 1891 provides that, upon transfer, the cause shall be pending and triable in the court to which it is transferred, and the costs of any trial on the merits in the wrong court shall abide the final result.

Cases from other jurisdictions cited by appellant where the transferring court had jurisdiction of the subject matter, or where no proceedings other than the transfer were had, or where a transfer statute expressly validates proceedings in the wrong court, have no application here. Neither authority nor precedent justify a conclusion that void acts of the county court are validated by transferring the cause to the proper court.

The decree of the circuit court is affirmed.

*Decree affirmed.*