## NATIONAL TEA COMPANY v. STATE.
## ALLIED STORES CORPORATION v. STATE.[1]

September 27, 1940.

Nos. 31,948, 31,949.

See 205 Minn. 443, 286 N. W. 360.

*J. A. A. Burnquist,* Attorney General, and *Matthias N. Orfield* and *George W. Markham,* Special Attorneys, for the State.

*Michael J. Doherty, Wilfrid E. Rumble,* and *William Mitchell,* for respondents.

PER CURIAM.

Our former opinion in these cases is found in 205 Minn. 443, 286 N. W. 360, reference to which is made to avoid repetition. In conformity with what was there determined judgments were entered on June 27, 1939. On the state's petition in that behalf, the United States Supreme Court granted *certiorari* on December 11, 1939 [308 U. S. 547] and on March 25, 1940, rendered its decision (Minnesota v. National Tea Co. 309 U. S. 551, 557, 60 S. Ct. 676, 680, 84 L. ed. 920) vacating the mentioned judgments and remanded the cause "for further proceedings" but without directions otherwise. However, we gather from that opinion that what is wanted is "the elimination of the obscurities and ambiguities" (309 U. S. 557, 60 S. Ct. 679, 84 L. ed. 924) said by the majority to exist in the opinion we had written. It is not thought improper to note that the Chief Justice, as well as Justices Stone and Roberts, found "no reason to doubt" that we had "held that the tax in question was laid in violation of the uniformity clause" of our own constitution, art. 9, § 1. As they viewed it: "This is not a case where the record leaves us in uncertainty as to what has actually been determined by the state court. [Citing cases.]

[1]Reported in 294 N. W. 230.

Nor have there been supervening changes since the entry of the judgment." (Citing cases.) 309 U. S. 558, 60 S. Ct. 680, 84 L. ed. 924. But we are not now concerned with difference of opinion in respect to the adequacy of the language chosen in our original opinion. We should rather examine anew the issues we thought had been determined in our prior decision. If we were in error, then assuredly the opportunity to be set aright should be cheerfully and thankfully accepted. Having so reëxamined them, we conclude that our prior decision was right. There is no need of further discussion of the problems presented for the former opinion adequately covers the ground. We think that the section of the statute here involved (L. 1933, c. 213, § 2[b], 3 Mason Minn. St. 1936 Supp. § 5887-2[b]), is violative of the uniformity clause of our own constitution.

Counsel for the state in oral argument and brief have urged that we write our present "decision in these cases on such a basis that the Supreme Court of the United States will have unquestionable jurisdiction to review" it. We think so to do would be both unwise and improper. Judicial duty does not permit us to shift or avoid the responsibility resting upon us to exercise our own honest judgments in the "interpretation of our own constitution" with finality. Reed v. Bjornson, 191 Minn. 254, 257, 253 N. W. 102, 104. Furthermore, the cases decided by that court upon this question sustain our interpretation. The same is true as to cases decided by state courts. The state and federal cases are cited and discussed in our former opinion and need no further elaboration here. 205 Minn. 447, *et seq.*, 286 N. W. 362, *et seq.*

We should not guess as to what the United States Supreme Court may do with its prior decisions, nor are we able to predict the bases upon which such supposed change of opinion are to be founded. Until that court overrules its former well considered opinions, there is no lack of uniformity between our interpretation of our constitution and of that court's interpretation of the Fourteenth Amendment.

The judgments vacated by the Supreme Court are ordered reinstated.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.