The plaintiff, Jesse W. Mitchell, brought an action in the city court of East St. Louis to recover damages under the Federal Employer's Liability act for injuries sustained on July 3, 1938, near Covington, Kentucky, while employed as a switchman by the defendant, the Louisville Nashville Railroad Company. A judgment for $32,400 in favor of plaintiff was rendered on the jury's verdict. Upon appeal, the Appellate Court for the Fourth District reversed the judgment on the ground that the trial judge should have directed a verdict for defendant because the record contained no competent evidence tending to show that plaintiff was engaged in interstate commerce at the time he was injured. (305 Ill. App. 635.) We granted leave to appeal, reversed the judgment of the Appellate Court, and remanded the cause to that court, with directions to *Page 523 
consider the weight of the evidence and any other errors relied upon for reversal. (375 Ill. 545.) Thereafter, the Appellate Court affirmed the judgment of the city court. (310 Ill. App. 563. ) Leave to appeal was granted the defendant, and the cause is before us a second time.
Subsequent to allowing an appeal, defendant has filed a motion to dismiss the suit for lack of jurisdiction of the subject matter, contending that since the cause of action arose in the Commonwealth of Kentucky, the city court of East St. Louis, a court of limited territorial jurisdiction, lacked jurisdiction of the subject matter of the suit. Upon a parallel factual situation in Werner v. Illinois Central Railroad Co., post, p. 559, we have decided that the city court of East St. Louis was without jurisdiction of the subject matter and, consequently, its judgment void and of no effect. Our disposition of the identical issue in the Werner case is controlling here.
The judgments of the Appellate Court and the city court are each reversed.
Judgments reversed.
Upon denial of petition for rehearing, June 9, 1942, the following additional opinion was filed: