June 22, 1940, the plaintiff, Benjamin F. Belcher, brought an action in the city court of East St. Louis against the defendant, the Louisville Nashville Railroad Company, seeking to recover damages under the Federal Employers' Liability Act for injuries sustained on February 15, 1939, near Nashville, Tennessee, while employed as a switchman by defendant. A jury returned a verdict for $20,000 in favor of plaintiff. Defendant's motion for a new trial was granted, the verdict set aside and a new trial ordered. January 19, 1942, defendant interposed its motion to dismiss the cause for the reason that the city court lacked jurisdiction of the subject matter. Thereafter, on March 16, 1942, this court held that a city court has no jurisdiction of a cause of action under the Federal *Page 282 
Employers' Liability Act where the accidental injuries occurred, as here, without the territorial limits of the city. (Werner v.Illinois Central Railroad Co. 379 Ill. 559; Mitchell v.Louisville Nashville Railroad Co. 379 Ill. 522.) Subsequently, plaintiff filed a motion in the city court of East St. Louis for a change of venue to the circuit court of St. Clair county on the ground that his action had been commenced, and was pending, in the wrong court and that, consequently, the venue should be changed to a proper court, pursuant to the statute pertaining to change of venue in such cases. (Ill. Rev. Stat. 1941, chap. 146, par. 36.) July 17, 1942, this motion was sustained and, on August 10, 1942, a certified transcript of the entire record in the city court of East St. Louis was filed in the circuit court of St. Clair county. Defendant, appearing specially, made a motion to quash the summons issued by the city court and to dismiss the cause for the reason, among others, that the cause having been ordered transferred to the circuit court on July 17, 1942, more than two years after the date plaintiff suffered his injuries, namely, February 15, 1939, he could neither institute nor maintain his action in the circuit court since it had not been commenced within the two years from the day the cause of action accrued, conformably to section 6 of the Federal Employers' Liability Act. (Section 56, Title 45, U.S.C.A. 1941.) November 27, 1942, the motion was sustained and judgment rendered in favor of defendant. Plaintiff prosecutes a direct appeal to this court, the trial judge having certified that a construction of the constitution and the validity of the above statute concerning venue are involved.
Upon parallel facts, Herb v. Pitcairn, ante, p. 237, decided this day, holds that an action is not commenced within two years of the date of injury in a court of competent jurisdiction, as prescribed by section 6 of the Federal Employers' Liability Act, by transferring the cause *Page 283 
from a city court having no jurisdiction of the subject matter at a date when the action, if instituted originally on such date in the circuit court, could not be maintained because not commenced within the statutory time. Our disposition of the identical issue in Herb v. Pitcairn is decisive here.
The judgment of the circuit court is affirmed.
Judgment affirmed.