## HERB *v.* PITCAIRN ET AL., RECEIVERS FOR WABASH RAILWAY CO.

NO. 24.

Argued October 17, 18, 1944.—Decided February 5, 1945.

*Mr. Roberts P. Elam,* with whom *Mr. Mark D. Eagleton* was on the brief, for petitioners.

*Mr. Bruce A. Campbell,* with whom *Messrs. Carleton S. Hadley, Geo. D. Burroughs, James A. Farmer* and *Walton Whitwell* were on the brief, for respondents.

118

MR. JUSTICE JACKSON delivered the opinion of the Court.

Each of these petitioners has made an abortive attempt to maintain an action in a City Court of Illinois on a cause of action alleged under the Federal Employers' Liability Act. As their calls upon us for relief present the same questions, in granting certiorari we consolidated the cases for argument. 321 U. S. 759.

Herb alleged injury while employed as a switchman on the Wabash Railroad at or near the City of Decatur, Mason County, Illinois, on November 23, 1936. He filed complaint under the Federal Act in the City Court of Granite City, Madison County, Illinois, in December of 1937. A verdict of $30,000 was returned, which the trial court set aside. Further proceedings in the Appellate Court and the Supreme Court resulted in remand to the City Court. 377 Ill. 405, 36 N. E. 2d 555. On March 16, 1942, in other cases, the Supreme Court of Illinois decided that, under the Illinois Constitution, a city court is without jurisdiction in any case where the cause of action arose outside the city where the court is located. *Werner* v. *Illinois Central R. Co.*, 379 Ill. 559, 42 N. E. 2d 82; *Mitchell* v. *L. & N. R. Co.*, 379 Ill. 522, 42 N. E. 2d 86. When these decisions were rendered, plaintiff moved in the City Court for a change of venue, under the Illinois Venue Statute, to the Circuit Court of Madison County, a court of general jurisdiction. Meanwhile the two-year period within which an action could be instituted under the Employers' Liability Act had long expired. The motion for change of venue was granted and the papers certified and transferred accordingly. The defendant, limiting appearance for the sole and only purpose of the motion, moved, in the Circuit Court, to dismiss on the grounds that the City Court had no jurisdiction either to entertain or to transfer the case; that, since all proceedings theretofore were ut-

terly void, no action was pending or properly commenced by the City Court process, nor by the transfer; that, since no action had been commenced in a court of competent jurisdiction, any right under the federal Act had expired by its limitation, which provided that "No action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued." 35 Stat. 66, 45 U. S. C. § 56.[1] The Circuit Court granted the motion to dismiss and the Supreme Court of Illinois affirmed. 384 Ill. 237, 51 N. E. 2d 277. Its affirmance is here claimed to involve a federal question, erroneously decided.

Belcher alleged that he was a switchman on the Louisville & Nashville Railroad in its yards at Nashville, Tennessee, where he was injured on February 15, 1939. He filed his complaint on June 22, 1940, in the City Court of East St. Louis, Illinois. The answer joined issue generally and pleaded a release and satisfaction. Reply admitted execution in Nashville, Tennessee, of the document which defendant pleaded, but set up facts in avoidance. On trial a verdict of $20,000 was returned. The trial court set it aside, holding that the evidence did not warrant the verdict. This was on September 18, 1941, and at this stage of the litigation the Supreme Court of Illinois handed down its decisions of March 16, 1942 holding city courts without jurisdiction of causes arising outside their territorial jurisdiction. The plaintiff moved in City Court that venue be changed to Circuit Court of St. Clair County, Illinois, and the motion was granted. The statute of limitations on the commencement of the action at this

---

[1] An amendment adopted after the present causes of action accrued extended the limitation period to three years, 53 Stat. 1404, but no question of its applicability is raised and, in any event, in each case the transfer to the circuit court was made more than three years after the cause of action accrued.

time had run. Defendant made appearance limited to the purpose of moving to dismiss. The case was dismissed by the Circuit Court, and the dismissal was sustained by the Supreme Court of Illinois, in an opinion which adopted the opinion in the companion case. 384 Ill. 281, 51 N. E. 2d 282.

*First.* Whether any case is pending in the Illinois courts is a question to be determined by Illinois law, as interpreted by the Illinois Supreme Court. For as we have said of the Federal Employers' Liability Act, "we deem it well to observe that there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of state courts or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress and susceptible of adjudication according to the prevailing rules of procedure." *Mondou* v. *New York, N. H. & H. R. Co.,* 223 U. S. 1, 56–57. "As to the grant of jurisdiction in the Employers' Liability Act, that statute does not purport to require State Courts to entertain suits arising under it, but only to empower them to do so, so far as the authority of the United States is concerned. . . . But there is nothing in the Act of Congress that purports to force a duty upon such courts as against an otherwise valid excuse." *Douglas* v. *New York, N. H. & H. R. Co.,* 279 U. S. 377, 387–88. And see *Chambers* v. *Baltimore & Ohio R. Co.,* 207 U. S. 142, 148–49; *St. Louis, I. M. & S. R. Co.* v. *Taylor,* 210 U. S. 281; *John* v. *Paullin,* 231 U. S. 583.

. The plight of petitioners is not due to any failure of the State of Illinois to provide forums adequate for the hearing of their cases under the federal statute. The state provides a system of circuit courts sitting in each of its

counties which have general and unlimited original jurisdiction at law and in equity. These were open to the petitioners, but they chose instead to file their complaints in city courts. It would not be open for us to say that the state in setting up a local court could not limit its jurisdiction to actions arising within the city for which it is established.

When the Supreme Court held these courts without jurisdiction, plaintiffs moved in City Court under the Illinois Venue Act (Illinois Revised Statutes, 1941, ch. 146, § 36) to change venue to the Circuit Court. The City Courts granted the motion and transferred the papers to the Circuit Court. The defendants were served with no process issuing from the Circuit Court, entered no general appearance in Circuit Court. Instead, appearing specially, they moved to dismiss. In each case the motion was grounded in a complete absence of jurisdiction in the City Courts to begin, hear, or transfer the case. Each defendant denied that the Venue Act gave any power to the City Court to transfer, and each claimed that if it did, it would be unconstitutional under the State Constitution. Both also asserted that the federal statute of limitations had run at the time of purported change of venue because no suit had been "commenced" in City Court within its meaning.

The Supreme Court of Illinois did not decide whether under the State Constitution the Venue Act was unconstitutional, apparently because it held the Act not to apply. It pointed out that "both the subject matter and the parties must be before the court, and jurisdiction of the one without the other will not suffice; the two must concur or the judgment will be void in any case in which the court assumes to act." The Circuit Court had served no summons on defendants, and they made no general appearance therein. On the other hand, the City Court admittedly had no jurisdiction of the subject matter. The

Supreme Court used language which can mean that no valid proceeding was pending in either court as a matter of state law.[2] We think that the Supreme Court probably has decided that as matter of Illinois law no action is pending against these defendants in any court and that all of the proceedings have been of no effect whatever.

---

[2] "The question involved relates to the effect of the proceedings had in a court wholly incompetent to render a valid judgment, because if the judgment to be rendered would be void it necessarily follows the preliminary proceedings of the court, necessary to rendition of judgment, must likewise be void. If the court has no jurisdiction of the subject matter for judgment there can be no jurisdiction giving effect to process or pleadings.

.     .     .     .     .

"The fallacy of [plaintiff's] argument rests in the fact that it becomes necessary to give validity to proceedings in a court, the judgment of which, if rendered upon such proceedings, would be wholly void. If the ultimate object to be obtained in a suit at law, viz., a judgment, is utterly void, it is difficult to understand how any of the preliminaries to such a judgment, such as summons, pleadings, interlocutory orders and the like have any effect, when the result, had such proceeding been concluded in the first court, would have been a nullity.

.     .     .     .     .

". . . if appellant's contention is sustained, a valid judgment could be obtained by transferring the cause to the proper court upon a summons or notice that defendants could safely disregard when served upon them. This would give the order of transfer by the city court the effect of vitalizing process that was void and considering a case commenced and pending in a proper court during a period when, in legal contemplation, no judicial control of defendants had yet been exercised.

.     .     .     .     .

"It is clear a suit was not commenced by filing the present suit in the city court of Granite City, or by issuing summons or filing a complaint. Lacking requisite jurisdiction because of the provisions of the constitution limiting it to cases arising within the limits of the city, such court was wholly incompetent to render any judgment or to authorize any proceedings which would result in a judgment."

The freedom of the state courts so to decide is, of course, subject to the qualification that the cause of action must not be discriminated against because it is a federal one. *McKnett* v. *St. Louis & S. F. R. Co.*, 292 U. S. 230. But we cannot say that the court below, in so far as it did hold the city courts without power, construed the state jurisdiction and venue laws in a discriminatory fashion. In *Central Illinois Public Service Co.* v. *Industrial Commission*, 293 Ill. 62, 127 N. E. 80, and *Gill* v. *Lynch*, 367 Ill. 203, 10 N. E. 2d 812, which are cited to us by petitioners, the Illinois court did uphold the power of one court to transfer a cause to another court for certain purposes. One case, however, involved a proceeding begun in a circuit court, a court of general and unlimited jurisdiction. It issued a writ of certiorari to review a decision of the state compensation commission; transfer was made under the venue statute to another circuit court because the review statute required the proceeding to be in a county where the defendant resided or could be found. In the other case a receivership proceeding was transferred from county court to the circuit court because the county court was without equitable jurisdiction. Thus neither case involved the jurisdiction of a city court nor the application of the venue statutes to a city court. Therefore, the cases are too dissimilar in their facts to make this one appear to be a discrimination against a federal right whether or not they are wholly consistent with some of the language in the present case. And there is no other basis, in the opinion of the court or elsewhere, for the intimation that if petitioners' cases had been brought under state statutes or common law they would not have been dismissed under the same circumstances as those here present.

Had the Supreme Court rested upon its observations about the jurisdiction of Illinois courts and the adequacy of their procedures to bring an action into existence,

we should be without power to direct these courts to try cases which as matter of local law are not pending. But the Court did not stop at that.

*Second.* The case went to the Supreme Court of Illinois with a certification by the Circuit Court that a federal question was involved. The federal question, whether the action was barred by the federal statute of limitations, was raised by respondents in their motion to dismiss in the Circuit Court. In the course of its opinion the Illinois Supreme Court used language from which it seems reasonably clear that the question was decided,[3] either

---

[3] "The material point for consideration is whether the plaintiff has commenced an action within two years of the date of his injury in a court having jurisdiction to hear and determine the same, as required by section 6 of the Federal Employers' Liability Act . . .

. . . . .

". . . we observe recovery under the Federal Employers' Liability Act is conditioned upon two things: (1) commencing an action within two years from the date of the injury; and (2) commencing such action in a court having jurisdiction to hear and determine the same. . . . The plaintiff having predicated his case upon the Federal Employers' Liability Act must comply with its provisions, both with respect to the time of commencing the suit and of bringing it in a court having jurisdiction to hear and determine it.

. . . . .

"Conceding, but not deciding, that in proper cases a court without jurisdiction of the subject matter could by statute be authorized to transfer its proceedings . . . still the condition that the action be commenced within two years is not met . . . such statutes cannot recreate a right given under a Federal statute that has ceased to exist by the terms of the (Federal) statute.

. . . . .

"In this case jurisdiction of the suit was wholly lacking *until* July 31, 1942 (if we consider the change-of-venue act valid), and at this time the condition imposed upon the plaintiff with respect to bringing his suit had expired by lapse of time. This determination *makes it*

necessarily, because the Court had not disposed of the case on state law grounds, or hypothetically. For purposes of passing on this question the Court seems to have assumed that an action is pending under state law; for only if one is pending is there occasion to consider whether the cause of action is barred.

Petitioners contend therefore that the judgment below does not rest upon a state ground but upon an erroneously decided federal ground—namely, that even though the City Court had power to transfer the case, the action is barred because not "commenced" until it arrived in Circuit Court.

*Third.* This Court from the time of its foundation has adhered to the principle that it will not review judgments of state courts that rest on adequate and independent state grounds. *Murdock* v. *Memphis,* 20 Wall. 590, 636; *Berea College* v. *Kentucky,* 211 U. S. 45, 53; *Enterprise Irrigation District* v. *Farmers Mutual Canal Co.,* 243 U. S. 157, 164; *Fox Film Corp.* v. *Muller,* 296 U. S. 207. The reason is so obvious that it has rarely been thought to warrant statement. It is found in the partitioning of power between the state and federal judicial systems and in the limitations of our own jurisdiction. Our only power

---

*unnecessary to pass upon either the constitutional question involved or the validity of the change-of-venue statute.*" (Italics supplied.)

In the Belcher case the court said:

"Upon parallel facts, *Herb* v. *Pitcairn,* . . . decided this day, holds that an action is not commenced within two years of the date of injury in a court of competent jurisdiction, as prescribed by section 6 of the Federal Employers' Liability Act, by transferring the cause from a city court having no jurisdiction of the subject matter at a date when the action, if instituted originally on such date in the circuit court, could not be maintained because not commenced within the statutory time. Our disposition of the identical issue in *Herb* v. *Pitcairn* is decisive here."

over state judgments is to correct them to the extent that they incorrectly adjudge federal rights. And our power is to correct wrong judgments, not to revise opinions. We are not permitted to render an advisory opinion, and if the same judgment would be rendered by the state court after we corrected its views of federal laws, our review could amount to nothing more than an advisory opinion. If the Illinois court means to hold that the city courts could not adjudge, transfer, or begin these cases and that no case is pending in its courts at the present time, it is manifest that no view we might express of the federal Act would require its courts to proceed to the trial of these actions.

But what to do with cases in which the record is ambiguous but presents reasonable grounds to believe that the judgment may rest on decision of a federal question has long vexed the Court. . In many cases the answer has been a strict adherence to the rule that it must affirmatively appear that the federal question was decided and that its decision was essential to disposition of the case; and that where it is not clear whether the judgment rests on a federal ground or an adequate state one, this Court will not review. *Klinger* v. *Missouri,* 13 Wall. 257, 263; *De Saussure* v. *Gaillard,* 127 U. S. 216, 234; *Johnson* v. *Risk,* 137 U. S. 300, 307; *Wood Mowing Machine Co.* v. *Skinner,* 139 U. S. 293; *Adams* v. *Russell,* 229 U. S. 353, 358–61; *Lynch* v. *New York,* 293 U. S. 52.

In other cases where justice seemed to require it, for example because of supervening events, the Court has said that to set aside the judgment and remand the case to the state court for further consideration is not to review, in any proper sense of the term, the decision of the state court. *Patterson* v. *Alabama,* 294 U. S. 600, 607; *State Tax Comm'n* v. *Van Cott,* 306 U. S. 511, 515. And in *Minnesota* v. *National Tea Co.,* 309 U. S. 551, uncer-

tainty as to the grounds of the decision below led the Court to vacate and remand for further consideration. *National Tea Co.* v. *State,* 205 Minn. 443, 286 N. W. 360; 208 Minn. 607, 294 N. W. 230. In *Lynch* v. *New York,* 293 U. S. 52, the Court strongly intimated that had petitioners requested a continuance in this Court to permit an application to the state court for amendment or clarification of its remittitur, there would be power and willingness to grant it. Later, in *International Steel & Iron Co.* v. *National Surety Co.,* 297 U. S. 657, 662, the record failed to disclose that a federal question had been presented or decided. Counsel requested at the bar continuance to apply for amplification, and it was granted. Reargument was had in the state court upon the federal question, the court did pass on it, the further proceedings were certified, and this Court asserted jurisdiction and proceeded to decision. The practice has become common by which some state courts, such as the New York Court of Appeals, provide counsel on motion with a certificate of the court or of the Chief Judge that a stated federal question was presented and necessarily passed upon if such was the case. See, *e. g.,* cases cited in Robertson and Kirkham, Jurisdiction of the Supreme Court, § 75.

It is no criticism of a state court that we are unable to say in a case where both state and federal questions are presented, discussed, and perhaps decided, that the judgment would have been the same had only one of the grounds been present. Those courts may adjudicate both kinds of questions and because it is not necessary to their functions to make a sharp separation of the two their discussion is often interlaced. But we cannot perform our duty to refrain from interfering in state law questions and also to review federal ones without making a determination whether the one or the other controls the judgment. And in cases where the answer is not clear to us,

it seems consistent with the respect due the highest courts of states of the Union that they be asked rather than told what they have intended. If this imposes an unwelcome burden it should be mitigated by the knowledge that it is to protect their jurisdiction from unwitting interference as well as to protect our own from unwitting renunciation.

It is our purpose scrupulously to observe the long standing rule that we will not review a judgment of a state court that rests on an adequate and independent ground in state law. Nor will we review one until the fact that it does not do so appears of record. But because we will not proceed with a review while our jurisdiction is conjectural it does not follow that we should not take steps to protect our jurisdiction when we are given reasonable grounds to believe it exists. We think the simplest procedure to do so, where the record is deficient, is to hold the case pending application to the state court for clarification or amendment. It need not be elaborate or formal if it is clear and decisive in stating whether a federal question, and if so, what federal question, was decided as a necessary ground for reaching the judgment under review. In proper cases we may grant counsel's request for continuance for the purpose. In proper cases we will impose the duty of applying for it upon petitioner or appellants upon our own motion.

These causes are continued for such period as will enable counsel for petitioners with all convenient speed to apply to the Supreme Court of Illinois for amendment, or certificate, which will show whether it intended to rest the judgments herein on an adequate and independent state ground or whether decision of the federal question was necessary to the judgment rendered.

MR. JUSTICE BLACK, dissenting.

Far-reaching implications of the Court's action in both these cases impel me to state the reasons for my disagreement.

In November, 1936, Herb (the petitioner in No. 24) lost a leg and suffered other severe injuries. He commenced an action against the railroad in an Illinois City Court, was awarded a verdict, the trial judge entered judgment for the railroad notwithstanding the verdict, and an Illinois intermediate appellate court reversed and directed that judgment be entered for Herb. 306 Ill. App. 583, 29 N. E. 2d 543. The Illinois Supreme Court reversed the Appellate Court's judgment insofar as it had directed that a judgment be entered for Herb, and remanded the case to the City Court for the trial judge to pass upon a motion for new trial should one be made. 377 Ill. 405, 36 N. E. 2d 555. Although five years had already elapsed since Herb's injuries, his efforts to secure a judicial determination of his rights under federal law had just begun.

Apparently, as the lengthy history of Herb's case shows, it had long been assumed by the courts as well as by the legal profession, that Illinois City Courts had jurisdiction to try railroad employees' cases arising under federal law. But after remand of his case to the City Court, the state Supreme Court handed down opinions in two other cases holding that City Courts did not have jurisdiction to hear and determine actions for injuries which occurred outside their territorial limits.[1] In view of this new obstacle to his action, the petitioner then moved for a change of venue to the Circuit Court, under an Illinois statute authorizing transfer from a "wrong court or county" to a "proper court or county." Ch. 146, Ill. Rev. Stat. 1941, Par. 36. The motion was granted, and in the Circuit Court the railroad moved to dismiss the cause on the ground that (1) all of the orders of the City Court, including the change of venue, were invalid; (2) the statute authorizing transfer was unconstitutional; (3) the suit had not been "commenced" within two years after the date

---

[1] *Werner* v. *Illinois Central R. Co.,* 379 Ill. 559, 42 N. E. 2d 82; *Mitchell* v. *Louisville & Nashville R. Co.,* 379 Ill. 522, 42 N. E. 2d 86.

of the injury as required by § 6 of the Federal Employers' Liability Act.

The motion to dismiss was sustained and Herb appealed. The Circuit Court Judge's certification to the Illinois Supreme Court recited that the judgment involved construction of the Illinois and United States Constitutions, the validity of an Illinois statute, and the validity and construction of § 6 of the Federal Employers' Liability Act.

The court below in the very first sentence after reciting the facts, stated that "the material point for consideration" was whether the requirements of § 6 of the Federal Employers' Liability Act had been met. Throughout its entire opinion, the Court construed § 6 and the City Court's jurisdiction as related to its construction of that section, in order to determine whether or not its requirements had been met. Then, having decided that the action was not "commenced" within the federal statutory period, it summarily disposed of the state questions raised with this one sentence: "This determination makes it unnecessary to pass upon either the [Illinois] constitutional question involved or the validity of the [Illinois] change-of-venue statute."

It is true that the court below held that "proceedings in the City Court were of no effect." In so holding, it did not decide that this fact alone authorized dismissal of the cases from the Circuit Court, which admittedly had jurisdiction to try cases arising under the federal Act. Consequently, it cannot be said that this holding provides an independent state ground for the Circuit Court's dismissal. The only reason why the Circuit Court could dismiss under the State Court's view was because § 6 of the federal Act required a suit to be "commenced" in two years. This made it necessary for the court to interpret the meaning and scope of "commenced." It construed the word as meaning not only that a suit should be filed

within two years of an injury, but that such suit must be filed in a court having jurisdiction to hear and determine the cause. Having thus by construction superimposed this condition on the federal Act, it proceeded to determine whether the City Court had such power. It held that the City Court did not have such power (a state question). Then applying its construction of the federal statute, it decided that the action had not been "commenced" within two years from the date of the injuries (a federal question). All of this shows a determination of federal questions which we should decide.

But this Court says that other language in the state court's opinion indicates that its judgment might really have been rested on a state procedural ground, adequate to support the dismissals. So now, more than eight years after Herb was injured, both cases are to be held here to give counsel an opportunity to ask the state Supreme Court if it "intended to rest the judgments herein on an adequate and independent state ground or whether decision of the federal question was necessary to the judgment rendered." I would not thus lightly abdicate our ultimate responsibility to protect federally created rights. To "admit that the authority to review the action of a state court where it has decided a federal question can be rendered unavailing by a suggestion 'that the court below may have rested its judgment' on a non-federal ground, would simply amount to depriving this Court of all power to review federal questions if only a party chose to make such a suggestion." *St. Louis, I. M. & S. R. Co.* v. *McWhirter,* 229 U. S. 265, 275, 276.

Furthermore, even a final determination that there was an adequate state procedural ground for dismissal of these particular suits would not end the controversies, although it might protract litigation for five more years. This is true, because it is beyond belief that dismissals on these procedural grounds would bar new actions based on the

injuries. And the federal question so clearly presented here and now, could hardly be escaped in new actions. That question is, "Are these suits barred by Section 6 of the Federal Employers' Liability Act?" This question presents a twofold problem: (1) Does § 6 have any application to these actions; (2) If so, should the word "commenced" be construed so as to make the beginning of the suit in the City Court such a commencement?

As to (1), it is to be noted that both complainants claim damages for violation of the Federal Safety Appliance Act. 27 Stat. 531 *et seq.;* 45 U. S. C. § 1 *et seq.* Violation of the Safety Appliance Act, even without the Federal Employers' Liability Act, gives rise to a cause of action on the part of an employee injured as the proximate result of that violation. *Louisville & Nashville R. Co.* v. *Layton,* 243 U. S. 617, 620; *Texas & Pacific R. Co.* v. *Rigsby,* 241 U. S. 33, 39. That Act contains no statute of limitations. No authority has been cited to support the proposition that the condition of liability imposed by § 6 of the Federal Employers' Liability Act applies to actions for damages for violation of the Safety Appliance Act. The rule of this Court has been to give the Safety Appliance Act, under which these claims were filed, a liberal construction, and one which will promote, not defeat, its purpose. *Swinson* v. *Chicago, St. P., M. & O. R. Co.,* 294 U. S. 529, 531.

Assuming that petitioners here are to be required to file new suits, and that the two year limitation of § 6 of the Federal Employers' Liability Act applies to injuries resulting from violation of the Safety Appliance Act, it still must be determined whether filing these suits in the City Courts "commenced" actions within the meaning of that word as used in § 6.

Certainly the railroads had notice of the suits. They evidently thought they had been "commenced" when they contested them in all the courts of Illinois. The lawyers for all the litigants undoubtedly felt sure that they were

trying law suits in proper forums. Neither the Illinois Court of Appeals nor the State Supreme Court which remanded Herb's case to the City Court had any doubt at that time that suits had been "commenced."

The plainest principles of justice demand that these employees be afforded a trial. No reason that can be conceived for erecting a statutory bar of two years justifies an inference that Congress intended that employees who made bona fide efforts to prosecute their claims in a court should be barred because of unanticipated decisions as to jurisdiction. The words of the statute justify the construction that these actions were "commenced" when they were filed in the City Courts. Any other construction results in a frustration of the broad objectives of the Act.

Finally, I can find no warrant whatever for saying that the state Supreme Court may have sustained dismissal on the ground that no suits at all were "pending" in the state Circuit Court. That court had jurisdiction to try them. The complaints were there. True, they might have been brought there by a City Court Clerk, although so far as the record shows, petitioner's attorneys may have taken them to the Circuit Court. But the state Supreme Court's opinions do not indicate that Illinois law requires that a complaint be physically filed by the hands of no one except an injured person. I shall not believe the state court would make such a holding until it does so.

For special reasons, in addition to those above stated, I think that this Court's action in requiring Belcher (petitioner in No. 25) to obtain some kind of certificate of "intention" from the Illinois Supreme Court is without any conceivable justification. The argument of parties before us and the Court's opinion have treated the *Belcher* case as though the Supreme Court of Illinois had sustained its dismissal and the Herb dismissal, in No. 24, on identical grounds. This treatment of the two cases is not justified unless the State Court's opinion in *Belcher's* case is given

a strained interpretation. The *Belcher* opinion did cite the *Herb* opinion as presenting "parallel facts" to those of the *Belcher* case. But the "parallel facts" in the two cases upon which the *Belcher* dismissal was premised, were carefully limited by the *Belcher* opinion's statement of the issue to this effect:

"Defendant, appearing specially, made a motion to quash the summons issued by the city court and to dismiss the cause for the reason, among others, that the cause having been ordered transferred to the circuit court on July 17, 1942, more than two years after the date plaintiff suffered his injuries, namely, February 15, 1939, he could neither institute nor maintain his action in the circuit court since it had not been commenced within two years from the day the cause of action accrued, conformably to section 6 of the Federal Employers' Liability Act." *Belcher* v. *L. & N. R. Co.*, 384 Ill. 281, 282.

After stating the issue in this limited fashion, the *Belcher* opinion then went on to say:

"Upon parallel facts, *Herb* v. *Pitcairn*, . . . decided this day, holds that an action is not commenced within two years of the date of injury in a court of competent jurisdiction, as prescribed by section 6 of the Federal Employers' Liability Act, by transferring the cause from a city court having no jurisdiction of the subject matter at a date when the action, if instituted originally on such date in the circuit court, could not be maintained because not commenced within the statutory time. Our disposition of the identical issue in *Herb* v. *Pitcairn* is decisive here." *Belcher* v. *L. & N. R. Co.*, *supra*, 282–283.

It thus appears that the *Belcher* opinion sustaining dismissal rested squarely and exclusively on the state court's conclusion that the cause of action was barred by § 6 of the Federal Employers' Liability Act. Notwithstanding this, the Court now, six years after Belcher's injuries, delays a final decision on the applicability of the federal Act,

to await a statement from the state court as to whether it would have decided it on a hypothetical state ground had that ground been considered by it in the first instance.

Mr. Justice Douglas and Mr. Justice Murphy join in this dissent.

Mr. Justice Rutledge, dissenting.

I concur with Mr. Justice Black's opinion in so far as it relates to the failure of the Illinois Supreme Court to take account of petitioners' claims based on the Federal Safety Appliance Act. Clearly § 6 of the Federal Employers' Liability Act does not apply to causes arising under the former Act and, on this ground alone, the judgments should be reversed.

I agree also that the Illinois court has determined the causes under the Employers' Liability Act solely by its view of federal law and that it has done so erroneously. It has held that neither action was "commenced" in time within the meaning of § 6 and in doing so has interpreted "commenced" to mean begun in a court competent to hear and determine the cause. Under this decision, the causes would not have been commenced, even if similar causes arising under state law were held sufficiently begun, for similar purposes, in identical circumstances. We do not know and cannot know whether local actions so filed and transferred would be barred. We do not know this because, as Mr. Justice Black points out, the Illinois Supreme Court expressly disavowed that it had applied or determined the validity of the Illinois venue statutes, which on their face purport to authorize just such transfers as occurred in these causes.[1] Consequently until the

---

[1] The pertinent provisions of the Illinois venue statutes are as follows: "That wherever any suit or proceeding shall hereafter *be commenced, in any court of record* in this state, *and it shall appear* to the court where the same is pending, *that the same has been commenced in the wrong court* or county, *then upon motion* of either or any of the

validity and effect of those statutes are determined, the Illinois court's decision in these cases must be taken to rest wholly upon its view of the meaning of § 6, entirely independently of the meaning of the state venue statutes, and to be founded solely upon a federal ground.

That ground as the Illinois court decided it is, in my opinion, clearly wrong. It was, apparently, that "commenced" in § 6 always means "commenced in a court competent to hear and determine the cause," regardless of whether local causes may be sufficiently commenced, for similar purposes, in a court of limited jurisdiction capable of transferring but not of hearing and deciding them. Nothing in § 6 or the Act so states. On the contrary, when the suit is in a state court, it is to be taken, by fair implication, that whatever is sufficient generally to constitute be-

---

parties to such suit or proceeding, *the court shall change the venue* of such suit or proceeding *to the proper court* or county, *and the same* when the venue shall be so changed, *shall be then pending and triable in such court* or county to which the same shall be so changed *the same as in other cases of change of venue:* Provided, that where either party to such suit or proceeding shall procure the change of venue as herein provided for, that the court shall require the plaintiff in said suit to pay all costs in such suit or proceeding, up to and including the costs of the change of venue except such costs, if any there are, as shall have been made or occasioned by answer to the merits and a trial thereon, if any such shall have been had or made, and such costs, if any, caused by answer to the merits and trial thereon shall abide the final result of such suit or proceeding the same as in other cases of change of venue." Ill. Rev. Stat., 1943, c. 146, § 36.

"Change of venue *from city courts,* for the same causes and in the same manner, *may be taken as from circuit courts, and the cases sent to* any other city court, or to *any circuit court, or to any other court of competent jurisdiction* where the cause complained of does not exist: . . ." Ill. Rev. Stat., 1943, c. 37, § 346.

"The clerk of the court to which the change of venue is granted shall file the transcript and papers transmitted to him and docket the cause, *and such cause shall be proceeded in and determined* in all things, as well before as after judgment, *as if it had originated in such court."* Ill. Rev. Stat., 1943, c. 146, § 16. (Emphasis added.)

ginning of suit for other actions is beginning of suit for these. If for instance it should be the state law that local causes are sufficiently commenced from the time of filing the complaint, though in the wrong court for reasons of jurisdiction relating to trial and decision, if nevertheless upon discovery of the error the cause is transferred to another court having complete jurisdiction, nothing in § 6 or the Federal Employers' Liability Act requires or permits suits brought under that Act to be treated differently. A state may confer upon its courts of limited jurisdiction limited powers over causes they are not competent to hear and decide. A salutary instance would be to safeguard litigants against unwitting loss of their rights of action through stumbling into jurisdictional pitfalls, by providing that actions filed in the wrong court should not be defeated through lapse of time merely because the plaintiff had mistaken his court, if upon discovery of the error, though after the period, the cause were transferred promptly to a fully competent court. Such a provision would merely create either an exception to the statute of limitations or a means of suspending the time of its running. On their face, that is what the Illinois venue statutes purport to do, though whether this is their effect is of course for the state courts to decide.

In any event, such a statute would not be contrary to or inconsistent with § 6 or any other provision of the Federal Employers' Liability Act. On the contrary, litigants in the state courts under that Act would be entitled to the benefit of such a provision if this were given to litigants having causes arising under state law.

Accordingly, since the Illinois court has held that § 6 by its own terms requires that the commencing event take place in a court having jurisdiction not only to begin and transfer, but also to hear and to decide, the judgments should be reversed and remanded.