# MUNICIPAL SECURITIES CORPORATION *v.* KANSAS CITY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 56. Argued November 15, 16, 1917.—Decided March 4, 1918.

If the decision of the state court rests upon a ground of general law adequate to support it, independently of the decision upon alleged violation of federal right, the case is not reviewable here.

So *held,* where the plaintiff, as assignee of special tax bills issued by a city in payment for sewer construction, claimed that, by appropriating a certain lot in the sewer district through condemnation proceedings and by thus preventing the lien of the tax bills from attaching thereto, the city took property without due process and so rendered itself liable, whereas the state court, construing the sewer contract, the city ordinance and charter and state constitution and laws, held that there could be no recovery against the city on the tax bills themselves, and that the cause of action, if any, for the alleged wrongful taking, was a separate matter not covered by the assignment.

Writ of error to review 265 Missouri, 252, dismissed.

THE case is stated in the opinion.

*Mr. William C. Scarritt,* with whom *Mr. Elliott H. Jones* and *Mr. Charles M. Miller* were on the briefs, for plaintiff in error.

*Mr. A. F. Smith,* with whom *Mr. J. A. Harzfeld* and *Mr. Jay M. Lee* were on the briefs, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

The plaintiff in error brought suit in the Circuit Court of Jackson County, Missouri, to recover on certain tax bills issued to one Michael Walsh, its assignor, for the

construction of a sewer in Kansas City, Missouri. The case was tried on an amended petition and answer. The amended petition was filed on May, 20, 1909, but it is said the suit was begun on May 29, 1906. The amended petition set out that by an ordinance approved January 24, 1901, Kansas City provided a sewer district, and let a contract for the construction of the sewer to Walsh. That Walsh constructed the sewer, and was paid for the work by special tax bills against sewer district number 146 in Kansas City. That Lot one, Block one, C. H. Pratt's Vine Street Addition, is located in said sewer district, and that at the time the work was done and the tax bills issued the owner of said property held the same subject to certain proceedings to condemn said lot for a public parkway in the South Park District of Kansas City established by an ordinance approved October 3, 1899; that said parkway ordinance ordered that said Lot one, Block one and other property should be condemned for the purpose of a public parkway, and proceedings were begun in the Circuit Court of Jackson County, Missouri, for the condemnation of the lot for that purpose; that the condemnation proceedings were carried to judgment in the Circuit Court of Jackson County, Missouri, wherein a verdict had been rendered for the value of the property on June 4, 1901, that the verdict was duly affirmed, and judgment rendered on September 14, 1901, in the Circuit Court. Upon appeal to the Supreme Court of Missouri said judgment was suspended until affirmed by the Supreme Court, June 4, 1902, and that after that date the city paid for and took possession of said Lot one, Block one, Pratt's Vine Street Addition, and now is holding the same for a public park. Plaintiff further alleges that, while the condemnation proceedings were pending in the Supreme Court, Walsh completed the work, and that tax bills therefor were issued to him on March 15, 1902, chargeable in payment of the appropriate share of the cost of the sewer upon the lot above

described. The plaintiff alleges that Walsh sold and assigned the certificates or special tax bills to it; that by reason of the condemnation proceedings and the judgment therein the tax bill. never became a lien upon the lot, above described, and that upon a final determination of said condemnation case Kansas City was liable to pay the amount of said tax bill with interest, and that the city cannot by an act of itself, not consented to by the plaintiff, either by judicial proceedings in the nature of condemnation or otherwise, destroy plaintiff's right to collect the cost of the said work in accordance with the contract mentioned; the plaintiff invokes the Fourteenth Amendment of the Constitution. of the United States guaranteeing the protection of its property by due process of law as against the acts of States. Plaintiff alleges that before the beginning of the suit it offered to surrender to the Board of Public Works of Kansas City the tax bills issued as aforesaid, and to accept a certificate as provided in the city charter in lieu thereof, if the Board should hold that the said certificates or tax bills were not certificates conformable to the provisions of the charter of Kansas City, but the Board refused to accept the same or to issue a new certificate, and denied all liability for the said charge.

The city answered the amended petition, and stated therein that on March 15, 1902, it did issue special tax bills to Michael Walsh as set out in the petition; and that Walsh on March 15, 1902, executed and delivered to Kansas City a full and complete release on account of any claim arising on said tax bills as provided in § 16, Article 9, of the charter of Kansas City. The answer further sets up that the charter of Kansas City provides a method by which the city shall pay its share of any public improvement on land owned in fee by it; that no certificate was issued by the city on the lot in question or any other lots described in the petition; and that it was not found that the lots mentioned in the petition were owned in fee sim-

ple by the city; that there was no compliance with the charter of the city, and no obligation created thereunder.

At the trial the tax bills sued upon were introduced, indorsed as follows: "Assignment. For value received —— assign this Special Tax Bill and the lien thereof to Municipal Securities Corporation, and —— authorize to sign — name — to the receipt. Michael Walsh."

The record does not disclose when this assignment was made, and it bears no date.

Upon trial in the Circuit Court the court held as a matter of law that Kansas City was an agency of the State of Missouri, and had by its official acts, ordinances and conduct appropriated to the public use the property and property rights of the plaintiff consisting of valid and subsisting liens upon certain real estate without making just compensation, or any compensation therefor, and thereby deprived the plaintiff of its property without due process of law contrary to the Fourteenth Amendment and contrary to the bill of rights of the State of Missouri, and rendered judgment for the plaintiff.

The case being taken to the Supreme Court of Missouri the judgment of the Circuit Court was reversed (265 Missouri, 252), and the case was brought to this court because of an alleged violation of the protection afforded by the Fourteenth Amendment as the result of the alleged wrongful appropriation of the plaintiff's property. The Supreme Court of Missouri after reciting the facts, held that the suit was upon the tax bills, that as Walsh's agreement with the city and the ordinance itself provided that the city should not be liable to pay for the work or any part thereof otherwise than by the issue of special tax bills, and because the charter of the city provided that the city should in no event or in any manner be liable for or on account of the work done in constructing the sewer, but that the work should be paid for in special tax bills which would be a lien on the property described in them,

and that under the Constitution of Missouri and the statutes of that State the use of municipal funds in the payment of tax bills was absolutely forbidden, there could be no recovery upon them, and in so far as recovery was sought because of the asserted conversion or destruction of the lien of the tax bills, the judgment for the plaintiff could not stand. Concerning this feature of the case the court said:

"The suit here is upon a tax bill in some aspects and upon a tort as for conversion in others. The petition is *sui generis*, being possibly what is meant by learned counsel for plaintiff when they say of it in their brief that it is 'typical in form.'

"We need not consider whether a recovery could have been had upon tort, as for the alleged conversion, or destruction, of the property upon which ordinarily the lien of the tax bills would have been fixed. *The assignment is not of the tort, nor of the contract, nor of the right to recover upon a quantum meruit, but of the tax bill pure and simple,* for it says: 'For value received —— assign this special tax bill and the lien thereof to Municipal Securities Corporation,' etc. The lien assigned was upon the lots and not against defendant; but the law is fairly well settled that the title of the city to these lots for use as a street attached by relation back under the facts here to the date of the judgment confirming the verdict of the jury, to-wit, September 14, 1901, a date long prior to the issuing of the tax bills, which were issued March 15, 1902. (*In re Paseo,* 78 Mo. App. 518.) The best that can be said for plaintiff's insistence touching this lien is that the lien of the tax bills attached conditionally to these lots; the condition of attachment being that the defendant would dismiss its condemnation case short of final judgment and payment of the money into court, as under the general law, absent a charter provision forbidding, it had the right to do. (*State ex rel.* v. *Fort,* 180 Missouri, 97; *Rail-*

*road* v. *Second Street Imp. Co.*, 256 Missouri, l. c. 407.) The city did not so dismiss the proceeding and the right of the city, temporarily suspended, as we may express it, by the appeal, attached upon the affirmance here of the judgment of condemnation as of the date of such judgment (*In re Paseo, supra*), and had the effect to convert these lots of private persons into integral parts of the highway, or street system of Kansas City, and to take them out of the category of property of private persons upon which liens of tax bills would attach; but since these lots became parts of public highways the judgment condemning them did not have the effect of converting them into that class of city property, the sewering of which created a liability against the city for which certificates evidencing such liability against the city were issuable by charter. (Sec. 14, Art. 9, Charter of Kansas City, 1898.)

"If Walsh himself had sued for the tort of conversion alleged in effect by the briefs and contentions of counsel for plaintiff, a different and much more serious question would confront us; but it seems idle to insist that upon the petition here and upon the assignment above quoted, that plaintiff may recover upon the theory of tort. We have seen already how futile and idle is the view that plaintiff may recover upon contract. Moreover, no such tort is assigned. Nothing is assigned but the tax bill and the lien thereof. . . . But be this as may be, the point of peculiarity in the instant case that plaintiff cannot in any event recover upon any theory of contract, but that it must recover, if at all, upon the theory of liquidated compensation for a tort, which tort was not assigned to it and on which it does not sue, destroys in our view any helpful analogy between the above cases from other jurisdictions and this one at bar."

As the matter above extracted from the opinion of the Supreme Court of Missouri shows, that court held the

action to be on the assigned tax bills, and that if Walsh might have maintained a suit because of the wrongful taking of the property as alleged, nothing was assigned to the plaintiff in error but the tax bills and the lien thereof; and that the plaintiff could not maintain this action as one in tort because it did not appear to be the assignee of such right of action if one existed. It therefore follows that the Missouri Supreme Court rested its decision upon a ground of general law adequate to support it, independently of the decision upon alleged violation of federal right under the Fourteenth Amendment. In that situation it is well settled that a case from a state court is not reviewable here. *Wood* v. *Chesborough,* 228 U. S. 672; *Consolidated Turnpike Co.* v. *Norfolk & Ocean View Ry. Co.,* 228 U. S. 596; *Giles* v. *Teasley,* 193 U. S. 146.

It follows that the writ of error must be dismissed for want of jurisdiction, and it is

*So ordered.*