## UNITED STATES ex rel. PASCAL v. BURKE.

### No. 1328.

United States District Court
E. D. Pennsylvania.

Feb. 15, 1950.

Charles F. G. Smith, Philadelphia, Pa., for petitioner.

John E. Stevenson, Deputy Attorney General of Pennsylvania, Thomas E. Waters, Assistant District Attorney for Montgomery Co., Norristown, Pa., for respondent.

GANEY, District Judge.

This case involves an application for a writ of habeas corpus.[1] The applicant, now 74 years of age, is being held by the Commonwealth of Pennsylvania in the Eastern State Penitentiary where he is serving, since 1920, a life sentence in solitary confinement. Previous to the filing of his application in this court, the applicant, on February 18, 1949, filed a petition for a writ of habeas corpus in the Supreme Court of Pennsylvania. A month later that court, without having granted a rule to show cause and without opinion, refused his petition. Commonwealth ex rel. Pascal v. Burke. His timely application for a writ of certiorari to review the State Court's judgment was denied by the Supreme Court of the United States. Pascal v. Burke, 337 U.S. 944, 69 S.Ct. 1500, 93

L.Ed. 1748. The asserted legal basis for his application in this court, as well as in the Appellate Courts, is that he is being detained in violation of the Fourteenth Amendment to the Federal Constitution. In accordance with 28 U.S.C.A. § 2243, we issued an order directing the respondent to show cause why the writ should not be granted.

In support of the claimed Constitutional violation, he alleges the following facts in his application: (1) the Pennsylvania State Police, without warrants of arrest or search, arrested him in the State of New Jersey, searched his home near Egg Harbor and seized his personal property and effects[2]; (2) the same State Police then transported him against his will from the State of New Jersey to the State of Pennsylvania; (3) the State Police compelled him under duress to confess in writing to the commission of murder, kidnapping and extortion; (4) the court-appointed defense counsel gave him no legal assistance and failed to cross-examine any of the Commonwealth's witnesses at the hearing in which he was sentenced; and (5) he was held incommunicado from the day of his arrest on August 2, 1920, to the middle of November of that year when he met the court-appointed attorney.

At the hearing on the rule to show cause, the applicant proffered evidence which, if believed, tended to show that the cruel treatment he received at the hands of the State Police, the written confession and the intimidation of the court-appointed counsel induced him to plead guilty to four indictments charging him respectively with murder, kidnapping, burglary and extortion.

Ordinarily irregularities in obtaining evidence or the unlawfulness of the detention of a prisoner by state authorities are considered immaterial when he pleads guilty in open court. Thus when such a plea is made, the lawfulness of the deten-

1. 28 U.S.C.A. § 2241 confers upon the Federal district courts power to grant the writ in proper cases.

2. Major Lynn G. Adams, Superintendent of the Pennsylvania State Police at the time of the applicant's arrest, testified in this court that they were acting under the authority of the United States Postal Inspectors.

tion is not a factor in determining the admissibility of any confession or the validity of the prisoner's confinement. Townsend v. Burke, 1947, 334 U.S. 736, 738, 68 S.Ct. 1252, 92 L.Ed. 1690. This is so because a plea of guilty dispenses with proof of the crime.[3] But where the illegal confinement or the intimidation of a court-appointed counsel induced the plea, these factors become important in determining whether the prisoner had been denied rights guaranteed him by the Fourteenth Amendment. See United States ex rel. Kennedy v. Burke, 3 Cir., 1949, 173 F.2d 544. Subject to 28 U.S.C.A. § 2254, that determination may be made by an appropriate Federal District Court.

█ Pennsylvania, as it must,[4] provides effective remedies for testing the constitutionality of a prisoner's detention by State authorities after his conviction of a crime.[5] A petition for a writ of habeas corpus in the Supreme Court, the highest tribunal of that state, is one of the remedies. When a state provides an effective remedy, that remedy must be pursued before an application for a writ of habeas corpus will be awarded by a Federal district court. 28 U.S.C.A. § 2254; Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572;

Young v. Regan, 1949, 337 U.S. 235, 69 S. Ct. 1073, 93 L.Ed. 1333; Note, The Freedom Writ—The Expending Use of Federal Habeas Corpus, 61 Harv.Law Rev. 657, 664–667 (1948).

The applicant professes to have pursued his State remedies. We think he has done so in form only. No allegations appear in the petition filed in the State Supreme Court to the effect that the cruel treatment inflicted upon him, the forced written confession, and the intimidation of the court-appointed counsel were the factors inducing him to plead guilty to four indictments in the Court of Oyer & Terminer of Montgomery County, Pennsylvania.[6] Therefore this added feature was not presented to the State Court. Before we may consider what effect it had on the lawfulness of the applicant's detention, the State Court must be given an opportunity to rule on the precise point in the light of the latest controlling decisions.

█ Argument may be made that since the Supreme Court of the United States denied certiorari, the State Courts will refuse to entertain a second petition for a writ of habeas corpus. A second petition may be turned down, but we think it will not be for the above reason.[7] A denial of

---

3. Foreclosing a defendant from offering evidence or cross-examining state witnesses at a post-verdict hearing for the state court's benefit in determining what sentence should be imposed does not violate the due process clause of the Fourteenth Amendment. Williams v. New York, 1949, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, noted in 23 Temple L.Q. 232 (1950).

4. See Young v. Regan, 1949, 337 U.S. 235, 238, 69 S.Ct. 1073, 93 L.Ed. 1333.

5. (a) By appeal to the Supreme Court of Pennsylvania from judgments of courts of inferior jurisdiction: 17 P.S. §§ 41, 91; (b) By petition for writs of habeas corpus to the judges of the Supreme and Superior Court of Pennsylvania: 17 P. S. §§ 48, 181; and (c) By petition for writs of habeas corpus to the appropriate Court of Common Pleas with the right to appeal to the Superior Court and ultimately to the Supreme Court: 12 P.S. § 1871.

6. With respect to his plea of guilty, the following allegations were made in the petition: "13. According to the notes of testimony on November 17, 1920, your petitioner appeared in Court with his Attorney, Mr. Anderson—court appointed—and the taking of testimony began after the entry of a plea of guilty on the part of your petitioner's attorney." "14. On November 20, 1920, your petitioner was taken into court and in the presence of his attorney, Mr. Anderson, he was sentenced to Life Imprisonment on the kidnapping charge, the other charges were suspended". In Commonwealth ex rel. Milewski v. Ashe, 362 Pa. 48, at page 50, 66 A.2d 281 at page 283, the court said: "The writ can issue only where the application contains allegations which, if true, show his illegal detention."

7. Likelihood of an adverse judgment in the state court does not justify a federal district court in granting the writ. Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406.

an application for a writ of certiorari, we have been told repeatedly carries with it no implication whatever regarding the view of the Supreme Court on the merits of the case. State v. Baltimore Radio Show, 1950, 338 U.S. 912, 70 S.Ct. 252, 255. The power of the Supreme Court to review the judgment of the highest court of the state in a situation similar to the one before us is set forth in 28 U.S.C.A. § 1257 (3). On review of that judgment,[8] the Supreme Court will consider only the federal question raised, provided it had been properly brought before the state court. Louisville & Nashville Ry. Co. v. Woodford, 1914, 234 U.S. 46, 34 S.Ct. 739, 58 L.Ed. 1202. But a denial of a properly raised federal claim will not be disturbed when the judgment rests on adequate non-federal grounds. Klinger v. Missouri, 1871, 13 Wall. 257, 80 U.S. 257, 20 L.Ed. 635; Municipal Securities Corp. v. Kansas City, 1918, 246 U.S. 63, 69, 38 S.Ct. 224, 62 L.Ed. 579; Young v. Regan, supra, 337 U.S. at page 238, 69 S.Ct. 1073. When it is not evident whether the federal issue has been passed upon, the Supreme Court will attribute state law, unless no other reasonable course is open, as the basis of the state court's judgment. Lynch v. People of New York, 1934, 293 U.S. 52, 55 S. Ct. 16, 79 L.Ed. 191; Southwestern Bell Telephone Co. v. Oklahoma, 1938, 303 U.S. 206, 212, 58 S.Ct. 528, 82 L.Ed. 751; Justice Frankfurter's dissenting opinion in Uveges v. Pennsylvania, 1948, 335 U.S. 437, 442–450, 69 S.Ct. 184.

■ In the instant case, however, one need not venture too far into the realm of speculation to ascertain one of the reasons why the vote of four or more Justices of the Supreme Court was not cast in favor of allowing certiorari. That court did not have before it a copy of the petition for the writ of habeas corpus filed in the State Court. Thus it seems fairly apparent that the Supreme Court could not determine, except by granting the application for the writ of certiorari, whether that petition had been denied purely on state grounds or on federal law. If our Supreme Court shows a great regard for the distribution of judicial power between it and the highest courts of the states, the federal district courts should be even more alert to do so. The additional federal question injected into this case not having been posed in the State Court, the latter should be given an opportunity to answer it if and when it is properly presented to it.

Accordingly, the application for a writ of habeas corpus is denied without prejudice so that the applicant may pursue in Pennsylvania, by appropriate procedure and through proper channels, the claim he makes here.

8. Note, The Freedom Writ—The Expanding Use of Federal Habeas Corpus, 61 Harvard L.Rev. 657, 670–673 (1948).