**UNITED STATES of America ex rel. Robert FISH, Petitioner-Appellant,**

v.

**Walter B. MARTIN, Warden of Attica Prison, Attica, New York and The People of the State of New York, Appellees.**

**No. 346, Docket 25446.**

United States Court of Appeals Second Circuit.

Argued June 11, 1959.

Decided June 25, 1959.

Ann Thacher Clarke, New York City (Florence M. Kelley, New York City, on the brief), for appellant.

George K. Bernstein, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Irving Galt, Asst. Sol. Gen., and Michael Freyberg, Asst. Atty. Gen.), for appellees.

Before HINCKS and MOORE, Circuit Judges, and SMITH, District Judge.

PER CURIAM.

Fish was convicted, in 1945, upon a plea of guilty, of murder in the second degree in the County Court, Queens County, in New York state. In 1957, he petitioned the County Court, Wyoming County, for a writ of *habeas corpus*, claiming for the first time that a confession had been obtained from him by coercion. The claim had not been raised in prior *coram nobis* proceedings. The writ was denied, upon the ground that *habeas corpus* was not a proper method for raising an issue outside the record of the criminal trial. The Appellate Division affirmed without opinion. People ex rel. Fish v. Martin, 5 A.D.2d 1050, 174 N.Y.S. 2d 230, leave to appeal denied, 4 N.Y.2d 677, 174 N.Y.S.2d 1026, certiorari denied 358 U.S. 846, 79 S.Ct. 71, 3 L.Ed.2d 80. Petitioner then sought a writ of *habeas corpus* in the District Court for the Western District of New York, claiming that his guilty plea had been induced by knowledge that his coerced confession was in the possession of the prosecution. Judge Morgan denied the writ on the merits, having held that petitioner had exhausted his state remedies.

We do not reach the merits, for we think it clear that the state provides a remedy, viz., a petition for writ of error *coram nobis*, by which the errors complained of may be examined by the state courts. United States ex rel. Cuomo v.

Fay, 2 Cir., 257 F.2d 438, 442, certiorari denied 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed. 2d 307. Moreover, it is not clear that in the *habeas* proceedings, Fish made the specific claim relied upon here, viz., that the coerced confession induced his guilty plea. See United States ex rel. Pascal v. Burke, D.C.E.D.Pa., 90 F.Supp. 868. The courts of New York must have an opportunity to pass upon the claim before a federal court may undertake to pass on it.[1] For this reason

The order is affirmed.

---

1. The Court wishes to express its appreciation to Ann Thacher Clarke, who as court-appointed counsel on this appeal gave the relator able representation.