George P. Stier, J.
This is an application by the defendant for a hearing on a writ of error coram nobis alleging his present conviction is illegal because it was obtained in violation of his constitutional rights under the Constitutions of the United States and the State of New York. The bases for the application are the allegations that (1) the defendant was illegally arrested and illegally detained by the police; (2) that a written and signed confession by the defendant was invalid and improper for the reason that there was an illegal delay in the defendant’s arraignment before a Magistrate after his arrest and, (3) that the confession was obtained by coercive means.
The defendant, together with others, was indicted for murder in the first degree on August 31, 1945. Upon his arraignment in this court on September 5,1945, the defendant asked the court to assign counsel to represent him. Thereafter, the court assigned two prominent Queens attorneys, one of whom is now a member of the House of Representatives. Subsequently a motion was made on September 26,1945, on behalf of the defendants for an inspection of the Grand Jury minutes and for a bill *843 of particulars. By an order dated October 16, 1945, the motion for an inspection of the Grand Jury minutes was denied in all respects but a portion of the motion for a bill of particulars was granted.
The trial of this indictment commenced on November 19,1945. On the second day of the trial, in the afternoon, a request was made by the defendants for leave to withdraw their pleas of not guilty and to enter pleas of guilty to murder in the second degree. The court accepted their pleas and this defendant was thereafter sentenced to a term of from 25 years to life on December 12, 1945.
In view of the subsequent proceedings in this case, the court deems it advisable to state all applications made by this defendant to date.
On June 24,1953, the defendant made a motion to inspect the Grand Jury minutes upon which his indictment was based. He alleged that the Grand Jury received insufficient and illegal evidence. The motion was denied by an order of this court on June 26, 1953.
In October, 1953, the defendant made an application for a hearing on a writ of error coram nobis alleging (1) that he was innocent of the crime charged; (2) that his plea of guilty had been obtained from him by the Assistant District Attorney and one of his defense counsels by trickery, deceit, and fraud, and (3) that the promise made by them had not been fulfilled. Upon consent of the District Attorney of Queens County an order was signed by this court on November 6,1953, directing that the defendant be produced before this court for the purpose of a hearing upon the allegations set forth in the defendant’s petition. On December 16, 1953, the defendant being represented by assigned counsel, a hearing was held upon the defendant’s allegations. On December 17,1953, an order was made denying the defendant’s application for a writ of error coram nobis. Upon appeal, this order was unanimously affirmed by the Appellate Division, Second Department (285 App. Div. 840) and leave to appeal to the Court of Appeals was denied.
On April 11, 1956, the defendant made an application for a hearing on a writ of error coram nobis alleging that his counsel was negligent and incompetent. This motion was denied on April 20, 1956.
On June 6, 1956, the defendant made an application for a hearing on a writ of error coram nobis alleging that (1) he was innocent; (2) his plea of guilty was entered “as a result of inadequate and unfaithful counsel”, and (3) the judgment of conviction should be vacated because the District Attorney failed *844 to file a statement pursuant to section 342-a of the Code of Criminal Procedure. This motion was denied by an order of this court June 26,1956.
In 1957 the defendant petitioned for a writ of habeas corpus in the County Court of Wyoming County alleging for the first time that his confession had been obtained by coercion. This writ was denied upon the ground that habeas corpus was not a proper method for raising an issue outside the record of the criminal trial. The Appellate Division affirmed without opinion. (People ex rel. Fish v. Martin, 5 A D 2d 1050, motion for leave to appeal denied 4 N Y 2d 677, cert, denied 358 U. S. 846.) The petitioner then sought a writ of habeas corpus in the United States District Court for the Western District of New York alleging that his guilty plea had been induced by knowledge that his alleged coerced confession was in the possession of the prosecution. The writ was denied on the merits, the court holding that the petitioner had not exhausted his State remedies. However, the District Court granted a certificate of probable cause and leave to appeal in forma pauperis. The petitioner appealed to the United States Court of Appeals, Second Circuit, and that court held that the petition must be denied where the State remedies had not been exhausted and that writ of error coram nobis was the proper remedy and defendant had not raised the issue presented to the Federal court in previous coram nobis proceedings in the State courts. Furthermore, it held that it was not clear that in the habeas corpus proceedings in the County Court of Wyoming County the petitioner had made the specific claim relied upon before the United States Court of Appeals, namely that the coerced confession induced his guilty plea. (United States ex rel. Fish v. Martin, 267 F. 2d 817.)
The reason for the complete review of the prior proceedings is that recently in the case of United States ex rel. Sileo v. Martin (269 F. 2d 586) the United States Court of Appeals, Second Circuit (pp 589-590) stated: “ Of controlling importance here is the fact that not one of the State courts which heard these highly controverted matters or reviewed them, particularly the Court of General Sessions where the evidence was initially adduced, made any findings whatsoever of the relevant historical facts or expressed conclusions of law in an opinion discussing those facts.”
In addition to the petitioner’s allegation regarding the confession which was obtained by alleged coercive means, the court at this time shall pass upon the issues of his alleged illegal seizure and detention and the alleged illegal delay in the defend *845 ant’s arraignment before a Magistrate after bis arrest which the defendant has never raised before in this court.
The petitioner alleges in his affidavit that the court records are void of any warrant ever being issued, or returned, or of the petitioner having been arraigned upon any warrant as required by law.
On the issue of the defendant’s alleged illegal seizure and detention by police officers of the City of New York an inspection of the papers on file in this court under this indictment include a “ short affidavit” signed by a police officer attached to the District Attorney’s office of Queens County executed August 11,1945, and sworn to (by said officer) before a City Magistrate of the City of New York. A typewritten notation on the reverse of said affidavit stated that a warrant was issued August 11,1945. From the foregoing it is apparent that a warrant was duly issued and therefore defendant’s allegations are contrary to the facts.
The issues of the alleged illegal delay and the alleged coerced confession which, according to the defendant, influenced him to plead to murder in the second degree are not grounds for a hearing on a writ of error coram nobis under the facts in this case.
In the instant case the issue as to delay, if any, in arraigning the defendant, was one which could have been passed upon by the jury before whom this defendant was on trial. Likewise, whether the confession, obtained by such alleged unnecessary delay was inadmissible and should have been excluded, was an issue which, if it was of any substance, should have been and would have been raised at the trial, since the defendant was represented by competent counsel, and the issue would have been properly presented to the jury for their determination.
The petitioner in his moving papers states, ‘1 petitioner was offered the option of continuing the trial where, if found guilty he must forfeit his life, or, he could enter a plea of guilty to the reduced crime of murder second degree and a sentence of less than death
There is no clearer indication that all the rights of this defendant were scrupulously protected and no safeguards under the “ due process clause ” of the Constitutions of the State of New York and the United States were ignored or violated.
Our Court of Appeals in People v. Malinski (292 N. Y. 360, 373) laid down the principle of law that the issue as to whether a confession was a nullity because induced by fear or duress is not a question of law to be decided by the court, but is an issue *846 of fact to be determined by the jury upon proper instruction by the court.
This defendant, by his plea of guilty, refused to submit such issue to the only agency provided by our laws to pass upon such issues, and if there were any deprivation of a right accorded to him by the laws of the State of New York or the Constitution of the United States it was by defendant’s own affirmative action and not by the prosecution.
Under the facts in this ease there was no undue delay in arraigning this defendant. The defendant was one of four involved in one of our most serious crimes — murder. The time necessarily consumed in investigations, interrogation of witnesses, transcribing statements and checking them to be assured that no innocent person was wrongfully charged with the crime, and the apprehension of the defendant must necessarily consume more time than in a less serious crime involving only one defendant.
Defendant’s claims that his rights were violated under the “ due process” clause of the United States Constitution are refuted by the decisions of the United States Supreme Court.
In United States v. Sturm (180 F. 2d 413, 416) the court held that a voluntary plea of guilty constitutes an admission of guilt and a waiver of all jurisdictional defects.
In the case of Stein v. New York (346 U. S. 156, 183, 185) the court stated with reference to an issue of interrogation ‘ ‘ we have never gone so far as to hold that the Fourteenth Amendment requires a one-to-one ratio between interrogators or prisoners, or that extensive questioning of a prisoner automatically makes the evidence he gives in response, constitutionally prohibited.”
The Supreme Court of the United States in Spano v. New York (360 U. S. 315, 323) distinctly differentiated between a post-indictment confession and one obtained by the police in trying to solve a crime. In the case at bar it was not a post-indictment confession but was in furtherance of an investigation of one of our worst crimes — murder.
For the foregoing reasons the motion is denied.