## 40605. SOUTHERN RAILWAY COMPANY v. SNIDER.

FRANKUM, Judge. 1. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." *Code Ann.* § 81-1302. Under this rule, where, as in this case, the original petition named a plaintiff and a defendant and alleged facts showing that the named plaintiff was an employee of the named defendant railroad company and that while engaged in his employment he sustained an injury as a result of his use of an allegedly defective door fastener on a boxcar, in that while using such fastener as an assist in climbing into the boxcar it gave way and caused him to fall to the ground causing the injuries sued for, but where the petition as originally drawn failed to allege facts which would have put the defendant on notice that plaintiff might use the fastener for this purpose (admittedly an unintended use), such petition, if it was subject to the general demurrer filed thereto, was so only because it omitted to allege the facts essential to raise the duty or obligation of the defendant to know of and warn the plaintiff

of the defective condition of the door fastener with respect to such unintended use, and the petition was therefore sufficient to authorize an amendment thereto alleging facts showing such duty. Under these circumstances the objection of the defendant to the allowance of plaintiff's second amendment to his petition was not well taken.

2. As amended, the petition alleged that the door fastener, in addition to closing the door, was used by the plaintiff and other brakemen and employees of the defendant to enable them to get into boxcars of the type here involved, and "this practice was well known to defendant." As against a general demurrer this was a sufficient allegation that the defendant knew of the practice of the plaintiff and other brakemen and employees of the defendant to use door fasteners on boxcars of this type as an assist to gaining entry into the boxcar.

3. With respect to an action brought under the Federal Employers' Liability Act for negligent injury to an employee based on the alleged failure of the defendant to exercise reasonable care in furnishing plaintiff with a safe place to work and on defendant's failure to inspect a facility appurtenant to a boxcar, and on the failure of the defendant to warn the plaintiff of the defective condition thereof, there was no reliance by the plaintiff upon a violation of the Safety Appliance Act or of the Boiler Inspection Act, ordinary common law rules of negligence as interpreted by the Federal courts are to be applied in determining the question of the defendant's liability except that the defenses of contributory negligence, assumption of the risk, and fellow-servant negligence are not available to the employer. In such a case where the petition alleges facts to raise a duty on the part of the defendant owing to the plaintiff, and where it shows a violation of that duty and an injury resulting therefrom, it is sufficient as against a general demurrer. Urie v. Thompson, 337 U.S. 163 (69 SC 1018, 93 LE 1282, 11 ALR2d 252). See 35 Am. Jur. 820, et seq., Master & Servant, § 398, et seq. The petition in this case, as finally amended, which alleged that the defendant knew, or in the exercise of ordinary care should have known, of the defective condition which produced plaintiff's injury because the practice of defendant's employees, including the plaintiff, of using door fasteners on boxcars as an assist in getting into the boxcars was well known to the defendant, sufficiently alleged a duty and a breach thereof, and the petition was not subject to general demurrer.

4. The allegations contained in the plaintiff's petition sufficiently allege in what respects the plaintiff's place of work was not reasonably safe, and the grounds of special demurrer directed to the allegations of negligence were not meritorious and were properly overruled.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED APRIL 30, 1964—REHEARING DENIED JUNE 25, 1964.

*Scott Edwards, Matthews, Maddox, Walton & Smith, John W. Maddox,* for plaintiff in error.

*Lewis, Lewis & Cagle, T. J. Lewis, Jr., Garvis T. Sams,* contra.

ON MOTION FOR REHEARING.

In a well reasoned motion for rehearing counsel for the defendant contends that this court overlooked the fact that the petition fails to allege sufficient facts that authorize the conclusion that the defendant had constructive notice of the defective condition of the door fastener, and that therefore the petition fails to show that the defendant violated any duty to warn the plaintiff of the condition of the door fastener or to repair it. Constructive notice to the defendant of the defective condition arose in this case by virtue of the fact that under the alleged facts the defendant knew of the custom of its employees in using the door fastener in the manner in which it was being used. The knowledge of the defendant of this use placed upon it a duty to inspect the door fastener in order to ascertain whether or not it was safe for this unintended use. Swinson v. Chi. St. P. &c. R. Co., 294 U.S. 529 (55 SC 517, 79 LE 1041, 96 ALR 1136); Lyle v. Alabama Great Sou. R. Co., 145 F 611; Dunn v. N.Y., N. H. & H. R. Co., 107 F 666. The violation of this duty of inspection and warning was sufficiently shown by the petition, if the petition shows that the defect had existed for a sufficient length of time to have afforded the defendant a reasonable opportunity for inspecting the fastener and ascertaining its condition.

The specific condition which caused the plaintiff's injury was alleged to have been a worn and loose rivet holding the door fastener in place. It is a matter of common knowledge that a rivet is a device made of iron, steel, or other hard metal which must be hammered or driven into position and shape in order

to perform its function of holding two objects together, and it is also a matter of common knowledge that a rivet does not become worn so as to become loose all of a sudden, but would become so by a gradual process over an extended period of time. As against a general demurrer, there being no special demurrers specifically raising this question, it was clearly inferable from the facts alleged in the petition that the defective condition of the rivet had existed for a sufficient length of time to afford the defendant ample opportunity to inspect it and ascertain its condition and to warn the plaintiff thereof, and it follows that the petition sufficiently alleges facts authorizing the conclusion of constructive notice and that the general demurrer was properly overruled.

*Rehearing denied.*